UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NUMBER

_____
SHARON RADFAR,                   )
          Plaintiff              )
                                 )
V.                               )
                                 )
CITY OF REVERE,and               )
BRIAN M. ARRIGO,                 )
     MAYOR; and                  )
JAMES GUIDO,                     )          **COMPLAINT**
     CHIEF OF POLICE; and        )
SERGEANT JOSEPH I.COVINO; and    )
OTHER AS YET UNNAMED             )
OFFICERS OF THE                  )
REVERE POLICE DEPARTMENT;        )
INDIVIDUALLY AND IN THEIR        )
OFFICIAL CAPACITIES AS MAYOR     )
CHIEF OF POLICE AND              )
POLICE SERGEANT AND OFFICERS     )
OF THE CITY OF REVERE,           )
          Defendants             )
_____)


## **Parties**

1.   Sharon Radfar is a citizen of the United States.

2.   Brian M. Arrigo was at the time of the transactions and occurrences alleged the Mayor of the City of Revere.

3.   James Guido was at the time of the transactions and occurrences alleged the Chief of the

1

Revere Police Department.

4.    Joseph I. Covino was time of the transactions and occurrences alleged a sergeant on the Revere Police Department who had a past involvement with the Plaintiff.

5.    The City of Revere is a municipal corporation; being a government entity organized under the laws of the Commonwealth of Massachusetts and subject to the duties and requirements imposed by the U.S. Constitution and applicable federal law.

## Facts

6.    On the evening of January 31, 2017 Plaintiff, a veteran George Mason University Master Police Officer in Virginia, had four uniformed officers seize her service weapons and hand her an Abuse Prevention Order obtained *ex parte* by Defendant Covino in the Lynn Massachusetts District Court and a letter from her employer suspending her pending an investigation of criminal charges alleged against her by Defendant Covino.

7.    Covino obtained the order by appearing in front of a judge and misrepresenting calls and messages the two had exchanged, failing to disclose pertinent information and making false and misleading claims alleging that Plaintiff had threatened him and placed him in imminent fear of physical harm

when she had in fact done nothing of the kind. He felt he deserved the order because she did not obey him when he ordered her not to come to the Commonwealth of Massachusetts.

8.   Covino, acting in concert and with the advice of unnamed Revere Police officers, filed a Complaint for Protection from Abuse and an affidavit both of which contained false and misleading claims about the Plaintiff.

9.   Covino called Plaintiff's employer, making the same false and misleading claims against her, and causing her employer to suspend her, open an investigation and seek criminal charges against Plaintiff.

10.   Covino relentlessly pursued criminal charges against Plaintiff though he knew she had committed no crime and those charges and claims were false.

11.   Covino's pursuit of the Plaintiff and his efforts to have her criminally charged and cause her to lose her job continued for months after the Lynn District Court vacated the Abuse Prevention Order against Plaintiff and ordered return of her weapons on the first date Plaintiff was given to be heard just two weeks after entry of the order *ex parte*.

12.   Covino falsely and maliciously accused Plaintiff of a crime he knew she did not commit. Acting under color of

law, he drafted a Revere Police Department incident report making his false claims, listing himself as the victim, the reporting officer and the supervisor approving the report.

13.   Defendants knew well that Covino was wrongly engaged in efforts to have Plaintiff criminally charged, to cause the loss of her career and to destroy her life, and all knew Plaintiff was not the perpetrator of domestic violence or abuse of Covino. Defendants also knew of his lengthy history of misconduct and failed to train, discipline or in any manner properly supervise him.

14.   Defendants' misconduct toward Plaintiff caused her the loss of her job.

15.   Due to the misconduct by the Defendants Plaintiff's private telephone records were the subject of a search warrant in which a court within the jurisdiction where she was employed as a police officer received the smears that had been leveled against her.

16.   Months later and despite Defendant Covino's best efforts, Virginia authorities declined to charge Plaintiff with any crime.  She was not charged with any crime in the Commonwealth of Massachusetts.  When she appeared for her first hearing on the restraining order, it was vacated.

17.   Defendant Covino's campaign to destroy Plaintiff continued for months after the restraining order was vacated, and he made repeated false statements to Virginia investigators in an attempt to get her charged but failed and refused to let them know that his restraining order had been vacated.

18.   Defendants treated Plaintiff differently from other similarly situated persons for impermissible reasons. Covino weaponized his official status as a police sergeant to exact revenge because Plaintiff had told him he was racist and due to his fury and bitterness that she would dare criticize him for his behavior toward her. All Defendants treated this woman of Iranian descent differently than they would have a man and a person of European descent due to their gender and national origin animus.

19.   As a result of the Defendants' misconduct and violations of her Constitutional rights, Plaintiff has suffered severe injuries and losses including but not to limited trauma, loss of her position and her career as a police officer, humiliation and oppobrium in the law enforcement community, and great pain of body and mind that persists and interferes with her ability to carry on her regular activities to this day.

20.   In addition, Plaintiff has suffered damage to her

ability to maximize her potential earnings, and has
suffered substantial financial losses.

21.  Defendants City of Revere, Arrigo, Guido and as
yet unnamed officers all engaged in a custom and policy of
failing to train and discipline officers in providing proper
responses to domestic abuse and protection of constitutional
rights.

22.  Defendants City of Revere, Arrigo, Guido and as
yet unnamed officers engaged in a custom and policy of
protecting men who are members of the law enforcement fraternity
from the consequences of violating the law.

23.  Defendants City of Revere, Arrigo, Guido and as
yet unnamed officers showed a deliberate indifference to
the need for training, supervision, or discipline of Defendant
Covino and Other Unnamed Officers.


## Jurisdiction

24.  This action arises under U.S.C.A. Const.Amend. 1,
U.S.C.A. Const.Amend. 4, U.S.C.A. Const.Amend. 5,U.S.C.A.
Const.Amen. 8, U.S.C.A. Const.Amend. 14, 42 U.S.C.A. s. 1983,
42 U.S.C.A. s. 1985(2) and (3), 42 U.S.C.A. 1986, the
Massachusetts Declaration of Rights, M.G.L.A. c. 12 s.11H-I, and

where a person alleges violations of her federal constitutional rights in transactions and occurrences taking place within this District.

## Claims for Relief

COUNT I.-EQUAL PROTECTION VIOLATIONS-Abuse of Authority Under
Color of Law

25.  Plaintiff hereby realleges paragraphs 1-24 and and incorporate the same by reference as if fully set forth in this Count.

26.  Defendants owed Plaintiff a duty to enforce the protection of the laws equally pursuant to U.S.C.A. Const. Amend.5 and U.S.C.A. Const.Amend.14 guaranteeing persons equal protection of the laws and equal enjoyment of the privileges and immunities of citizenship.

27.  Defendants Covino and unnamed officers breached said duty by acting as agents to secure the vengeful private interests of Covino and all wrongfully acted under color of law.  Defendants endeavored to assist Covino in obtaining an advantage over her in his civil proceedings initiated maliciously and as an abuse of process.  As a result of Defendants' intentional, reckless and willful violations of Plaintiff's rights under the Constitution of the United States and the Massachusetts Declaration of Rights,

Plaintiff has sustained emotional distress due to the ordeal of being wrongly targeted and unlawfully harassed and falsely and maliciously accused of crimes she did not commit   As a result thereof Plaintiff continues to suffer great pain of body and mind. Plaintiff has been deprived of her lengthy career, has been deprived of her opportunity to assert her constitutional rights and deprived the enjoyment of her substantive constitutional rights, and Plaintiff has been and continues to be unable to carry on her normal activities.

COUNT II.-SELECTIVE PROSECUTION-Gender and National Origin

28.   Plaintiff hereby realleges paragraphs 1-27 and and incorporates the same by reference as if fully set forth in this Count.

29.   Covino and Other Unnamed Officers intentionally, wilfully, and recklessly and repeatedly wrongly accused Plaintiff of crimes, maliciously defamed her and abused process in a campaign to humiliate Plaintiff although they knew she committed no crime for the impermissible reasons of gender bias and national origin bias.

30.   Defendants' repeated selective enforcement of the law for the benefit of Covino and as his agents violated Plaintiff's rights to equal protection of the laws and the

privileges and immunities of citizenship enumerated in U.S.C.A.
Const.Amend. 5 and U.S.C.A.Const.Amend.14.

## COUNT III.-DEFAMATION

31.  Plaintiff hereby realleges paragraphs 1-20 and 29
and incorporates the same by reference as if fully set forth in
this Count.

32.  Defendants indicated to Plaintiff's employer
and others that she had committed criminal acts.

33.  Defendants knew Plaintiff had not violated any laws
nor committed any crime.

34.  Said conduct was defamatory per se.

35.  Plaintiff suffered grievous injury to her reputation
and loss of her ability to earn a living and great pain of mind and
body that continues to this day as a result of Defendants' conduct.
As a result Plaintiff has been unable to carry on her normal
activities.

## COUNT IV.-MASSACHUSETTS CIVIL RIGHTS ACT

36.  Plaintiff hereby realleges paragraphs 1-30 and
and incorporates the same by reference as if fully set forth in
this Count.

37.  Defendants by their conduct deprived Plaintiff of
her rights under the Massachusetts Declaration of Rights and

the United States constitution by means of intimidation and coercion. Defendants endeavored to interfere with her right to travel to the Commonwealth as well as her right to her employment and her right to privacy.

38.   Plaintiff is entitled to injunctive relief, damages, attorneys fees and other relief pursuant to M.G.L.A. c. 12 s.11H-I because Defendants engaged in said threats, coercion and intimidation under color of law in violation of said statute and 42 U.S.C.A.§ 1983.

COUNT V.-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.   Plaintiff hereby realleges paragraphs 1-27 and and incorporates the same by reference as if fully set forth in this Count.

40.   Defendants' acts and omissions constituted outrageous conduct and intentionally inflicted emotional distress upon Plaintiff.

41.   As a direct and proximate cause of said misconduct, Plaintiff suffered at the time and continues to suffer stomach disturbances, weight loss, nightmares, anxiety and a fear of police officers.

COUNT VI.-DELIBERATE INDIFFERENCE TO NEED FOR TRAINING

42.   Plaintiff hereby realleges paragraphs 1, 8, 12-41 and incorporates the same by reference as if fully set forth in this Count.

43.   Defendants City of Revere's, Arrigo's, Guido's and other unnamed officer's deliberate indifference to the need for training, supervision and discipline of Defendants Covino and Other Unnamed Officers caused the Plaintiff to suffer the grievous injuries described in this Complaint when said officers engaged in the misconduct alleged throughout this Complaint.

COUNT VII-CONSPIRACY TO VIOLATE CIVIL RIGHTS

44.   Plaintiff hereby realleges paragraphs 1-43 and and incorporates the same by reference as if fully set forth in this Count.

45. Plaintiff was intimidated, threatened and coerced not to offer testimony or assert her position in a case in which she was a witness and a party by the misconduct of two or more of the Defendants, and further two or more of the Defendants conspired for the purpose of impeding, hindering, obstructing, or defeating, the due course of justice in the Commonwealth of Massachusetts, with intent to deny to Plaintiff the equal protection of the laws.

46.   Defendants thereby conspired to deprive Plaintiff

of her constitutional rights in violation of 42 U.S.C.A. §1985(2) and (3).

47.  Plaintiff has suffered lasting emotional and physical harm and a continuing deprivation and damage to of her financial interests as a result.

COUNT VIII--REFUSAL TO PREVENT WRONGS COMMITTED AGAINST PLAINTIFF

48.  Plaintiff hereby realleges paragraphs 1–47 and and incorporates the same by reference as if fully set forth in this Count.

49. Defendants knew of the wrongs they each and severally were committing against Plaintiff.

50.  Said Defendants, knowing of and having the power to prevent or aid in the prevention of said wrongs, refused to do so.

51.  As a result of their refusal to prevent said wrongs, incurred liability pursuant to 42 U.S.C. §1986.

COUNT IX.-ABUSE OF PROCESS

52.  Plaintiff hereby realleges paragraphs 1–27 and incorporates them as if fully set forth herein.

53. Defendant Covino knew he was not entitled to an Abuse Prevention Order against Plaintiff and despite his

knowledge, falsely and maliciously filed a Complaint for
Protection from Abuse seeking such an order.

54.   Defendant advanced his knowingly false claims
with the ulterior motive of exacting revenge against Plaintiff
and destroying her career and her life.

55.   Said misconduct by Defendant Covino
caused Plaintiff incur legal fees and to suffer
humiliation, embarrassment, anguish and to cause her reputation
in the community and with her employer to suffer such that she
lost her job and her career.

## COUNT X—MALICIOUS PROSECUTION

56.   Plaintiff hereby realleges paragraphs 1-27; and
52-55 and incorporates them as if fully set forth herein.

57.   Defendant Covino acting under color of law drafted
and pursued criminal reports and paperwork consisting of his
knowingly false statements accusing Plaintiff of criminal acts.

58.   Defendant advanced said knowingly false claims
against Plaintiff with the ulterior motive of obtaining revenge
and destroying her career and her life.

59.   Said misconduct by Defendant Covino caused
Plaintiff to incur legal fees before Defendant's claims against

13

Plaintiff were rejected for lack of evidence. Further Plaintiff suffered humiliation, embarrassment, anguish that persists to this day.

### Demands for Judgment

Plaintiff respectfully demands a trial by jury on all issues to the full extent provided by law.

WHEREFORE Plaintiff, Sharon Radfar, prays  for judgment:

1.    Granting Injunctive and Declaratory Relief;

2.    Awarding Plaintiff compensatory damages, with interest;

3.    Awarding Plaintiff punitive damages;

4.    Awarding Plaintiff her costs, including reasonable attorneys fees, pursuant to 42 U.S.C.A. s. 1983 and M.G.L.A. c.12 s.11I.

5.    Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Sharon Radfar
By her attorney

Dated: January 29, 2020

S/Elizabeth M. Clague

_____

Elizabeth M. Clague
Attorney for the Plaintiff
The Kennedy Building
142 Main Street, Suite 304
Brockton, MA 02301
(508) 587-1191
BBO# 632341