```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

                                            CIVIL ACTION
                                            DOCKET NUMBER
                                            1:20-cv-10178IT
_____
SHARON RADFAR,                )
        Plaintiff             )
                              )
V.                            )
                              )
CITY OF REVERE,and            )
BRIAN M. ARRIGO,              )
    MAYOR; and                )
JAMES GUIDO,                  )    OPPOSITION IN
    CHIEF OF POLICE; and      )    RESPONSE TO DEFENSE MOTION
SERGEANT JOSEPH I.COVINO; and )    TO DISMISS/SUMMARY JUDGMENT
OTHER AS YET UNNAMED          )
OFFICERS OF THE               )
REVERE POLICE DEPARTMENT;     )
INDIVIDUALLY AND IN THEIR     )
OFFICIAL CAPACITIES AS MAYOR  )
CHIEF OF POLICE AND           )
POLICE SERGEANT AND OFFICERS  )
OF THE CITY OF REVERE,        )
        Defendants            )
_____)
```

**i. Introduction and Procedural Posture**

Plaintiff has sued alleging civil rights violations as well as a variety of common law intentional torts. One of the Defendants, sued individually and in his official capacity, has filed a single pleading styled a Motion to Dismiss with an attached Affidavit from Defendant and a copy of a temporary court restraining order, listed as Exhibits A and B.  In his pleading

1

he includes requests for relief under G.L. c. 231 §59H[1], dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and summary judgment pursuant to Fed.R.Civ.P. 56, his statement of facts and his memoranda of law.

Plaintiff herewith attaches her Uncontested Statement of Material Facts which includes her disputes of Defendant's Facts, and her Affidavit of Counsel with attached Exhibits C-G.

### ii. Facts

Defendant, a Revere Police Sergeant, drafted a police report in which he claimed to be alleged "victim", falsely and maliciously stating Plaintiff had committed crimes against him, and wrongly listing himself as the reporting officer and the supervisor, while stating the identity of the victim was "confidential.". He then appeared in the Lynn District Court *ex parte* and by making false, misleading and scurrilous claims against plaintiff while omitting information he knew to be essential to the court's proper evaluation of his claims he convinced a judge to grant him an Abuse Prevention Order pursuant to M.G.L. c. 209A against Plaintiff, using his status as a police officer and his relationship with the court to

---

[1] The Massachusetts Anti-SLAPP statute, one of thirty such statutes in the country.

wrongly credit his false claims.[2]

A full week prior to his *ex parte* court appearance he emailed Plaintiff's employer, making false, misleading, humiliating and otherwise defamatory claims against her in an effort to deprive her of her job as a university police officer.[3]

In an effort to get her criminally charged outside of Massachusetts as part of his campaign to destroy her career and her life he tried mightily to convince investigators and prosecutors to charge her with a crime by making false statements, omitting key information and providing misleading and incomplete documents.

Though he alleged in the Lynn District Court *ex parte* proceeding hundreds of text messages and emails from Plaintiff, he wrongfully and misleadingly omitted the hundreds of text messages he had sent to Plaintiff. He intentionally withheld that information also from Virginia investigators in his campaign to subject Plaintiff to criminal charges in that state, and he also omitted that information in his correspondence with her employer-part of his deliberate scheme perpetrated to destroy her

---

[2] Complaint ¶¶6-12; Plaintiff's Statement of Uncontested Facts ##2 & 3.

[3] Complaint ¶¶6-12; Plaintiff's Statement of Uncontested Facts #4.

life nearly a week before his *ex parte*, "emergency" court appearance.[4]

The statements he made to the Lynn District Court are starkly discrepant from the ones he made to Plaintiff's employer, and both differ from his claims to Virginia investigators. Plaintiff denies his allegations, which differ in major and self-serving respects depending upon his audience.

### iii. Argument

Defendant Covino has attempted to characterize Plaintiff's claims as Strategic Litigation Against Public Participation and obtain their dismissal under the statute applicable to Massachusetts courts known as the Anti-SLAPP statute, G.L. c. 231 §59H.

He also argues her claims are barred by the <u>Rooker-Feldman</u> doctrine's jurisdictional bar against causes of action alleging an injury caused by a state court judgment and reversal of such final judgments in state court proceedings.

Further, he asks this court to find facts in his favor while seeking dismissal under Fed.R.Civ. P. 12(b)(6). In

---

[4] Plaintiff's Statement of Uncontested Facts ##5 & 6.

addition, he asks the Court to credit his witness testimony and version of the factual constellation over the disputed testimony and evidence alleged and offered by Plaintiff, though there has been no discovery, in seeking summary judgment.

Finally, Defendant has filed pleadings which blatantly violate and ignore this Court's rules.

For those reasons and the additional reasons stated within Defendant's Motion should be denied and he should be ordered to comply with the rules of this court and his discovery obligations.

### (A) Defendant's Pleading Violates the Rules of This Court

As a threshold matter, Defendant has failed to comply with the rules of this court governing the filing of pleadings. He has without excuse failed to file separately his Motion and Memorandum of Law, and as a result undersigned counsel is unable to determine what he is asking the Court to do and the grounds for which he asks the Court to do it.

He seeks summary judgment though his motion violates the requirement of Local Rule 56.1 requiring separate filing of a motion, a statement of uncontested facts, and a memorandum of law. Instead he files one pleading, which exceeds the page number

limit for pleadings in the local rules.  Defendant's pleading is wholly non-conforming with the rules governing pleadings though he has not only refused to seek leave of court therefor, but further has not and can not provide any justification as to why he should not be required to conform to the rules of this Court.

### (B) The Massachusetts Anti-SLAPP Statute Is Not Applicable In Federal Court

The Massachusetts Anti-SLAPP Statute, Chapter 231 §59H appears in the section of the Massachusetts General Laws governing the Commonwealth's procedural rules for Court proceedings. The Chapter is entitled "Massachusetts Pleading and Practice." It includes evidentiary, gate-keeping and other procedural provisions unique and idiosyncratic to the operations of Massachusetts Courts such as the requirements of a malpractice tribunal and pre-suit demand in Chapter 231 §60, and the §6F process sanctioning frivolous pleading unique to Massachusetts practice rules in Massachusetts Court. Accordingly this Court has ruled that inasmuch as the Anti-SLAPP statute is a procedural rule it is not applicable in federal court.

*Stuborn Ltd. P'ship v. Bernstein*, 245 F. Supp. 2d 312, 316 (D.Mass. 2003). It is true this District and Circuit later opened the door to the use of the Massachusetts Anti-SLAPP statute in this court, but in doing so was forced to seek guidance in its

applicability from the Massachusetts Supreme Judicial Court.[5] The following year the Tenth Circuit was the most recent to reach the question and determined that Nevada's Anti-SLAPP statute was a procedural state provision rather than a substantive one and therefore not applicable in federal court. The Defendants who were seeking Anti-SLAPP relief appealed noting the split among circuits including here in the First Circuit where state Anti-SLAPP provisions have in some instances been applied in federal cases. The Supreme Court's denial of certiorari should be read as the endorsement it is of the Tenth Circuit's approach. *Americulture v. Los Lobosenewable Power, LLC,et al,* 139 S.Ct. 591(2018)(cert.denied.).

### (C) Even If Applicable in Federal Court, Defendant is Not Entitled to Relief in this Action Under the Massachusetts Anti-SLAPP Statute

If this Defendant's court machinations are protected by Anti-SLAPP protections it is difficult to imagine any factual constellation that would permit an abuse of process or malicious prosecution cause of action.

Defendant is hopeful that the Court accepts his

---

[5] *Steinmetz v. Coyle & Caron, Inc.*, 862 F.3d 128 (1st Cir. 2017)

fact allegations over Plaintiff's and despite evidence contradicting them in the record and further that the Court ignores the very paragraphs of Plaintiff's complaint specifying non-petitioning activity–because this Court would have to do so in order to allow his Motion to Dismiss.

G.L. c. 231 §59H requires the Court to advance and hear "as expeditiously as possible" a party's special motion to dismiss filed thereunder if that party "asserts" that a claim has been filed against him "based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth". The Supreme Judicial Court further defined SLAPP suits as actions which "target people for 'reporting violations of law, writing to government officials, attending public hearings, testifying before government bodies, circulating petitions for signature, lobbying for legislation, campaigning in initiatives or referendum elections, filing agency protests or appeals, being parties in law-reform lawsuits, and engaging in peaceful boycotts or demonstrations.'". _Duracraft Corporation v. Holmes Products Corporation_, 427 Mass. 156, 161-162, N.E.2d 935, 940 (1998). There is nothing about Plaintiff's complaint that could place it into the category of strategic litigation again public participation–for which the acronym SLAPP stands.  Here, the

8

Defendant has failed utterly to meet the requirement that the motion establishes that the suit against him was brought entirely due to his protected petitioning activity. See *SMS Financial LLP v. Robert Conti*, 68 Mass.Ap..Ct. 738, 745-746 (2007):

> "The special movant must show that the claims against it are based on its petitioning activities alone, "and have no substantial basis other than or in addition to the petitioning activities." Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. at 167-168. Petitioning activities include statements submitted to a judicial body. See G. L. c. 231, § 59H; McLarnon v. Jokisch, 431 Mass. 343, 347 (2000). See also Kobrin v. Gastfriend, 443 Mass. 327, 331-340 (2005), for a discussion of the scope of petitioning activities under the anti-SLAPP statute. Once the moving party establishes that the claims arise out of its petitioning activities, the burden shifts to the adverse party to show that the activity complained of was "devoid of any reasonable factual support or any arguable basis in law." Fabre v. Walton, 436 Mass. 517, 524"

With regard to any conduct by the Defendant that was connected to his obtaining an *ex parte* order in the Lynn District Court against Plaintiff, she has demonstrated that not only was he never fearful of her as required under G.L. c. 209A but the calculated nature of his entreaty, planned for over a week and targeting her although she was outside the Commonwealth, and his discrepant statements and use of the Massachusetts order to ruin her career and seek out of state criminal charges against her was a perversion of a process that was designed to protect survivors of domestic violence–much like the Anti-SLAPP motion to dismiss

9

was written and passed to protect powerless parties exercising their constitutional rights from well-financed powerful interests capable of endlessly vexatious and destructive litigation. Clearly, this misconduct evidences that any and all petitioning by the Defendant has been "devoid of reasonable factual support". Inasmuch as the G.L. c. 231 §59H does not bar entire categories of claims for malicious prosecution, defamation or countless other intentional torts involving statements to government, it cannot possibly frustrate Plaintiff's claims here, where a judge has observed on the record the deficiencies in Defendant's showing and at the first sign that Plaintiff may have a chance to be heard he withdrew and the order was vacated.

Plaintiff specifically alleged interference with civil rights, dignitary and property interests and other misconduct that preceded by a full week and continued for months after Defendant's alleged petitioning activity. Further, the reliance on the fact statements by the Defendant which are disputed by the Plaintiff place this case well outside the ambit of a Motion to Dismiss of any kind.

### (D) The Rooker-Feldman Doctrine is Not Applicable to This Action

The *Rooker-Feldman* doctrine precludes federal court

reversal of judgments entered in state courts, and as such it is wholly inapplicable here.  Plaintiff is not seeking any review of a state court proceeding.  The _Rooker-Feldman_ doctrine applies only sparingly to a very few cases. _Exxon Mobil Corp v. Saudi Basic Industries Corp._, 544 U.S. 280(2005).

Under the doctrine, a litigant is barred from appealing in federal court a judgment entered in state court as it is the Supreme Court that has sole jurisdiction over such appeal. _D. C. Court of Appeals v. Feldman_, 460 U.S. 462(1983); _Rooker v. Fidelity Trust_,263 U.S. 413(1923). It does not mean a party is jurisdictionally barred from suing where any issues in the litigation were raised in a state court, it narrowly applies only where all their federal and other claims were heard, a judgment has entered in state court and a party contends that judgment has caused injury and should be reversed by the federal court.  _Exxon Mobil_ 283-284. Plaintiff is alleging and seeking nothing of the kind here. This case does not fall into the narrow set of cases where a Plaintiff is alleging injury caused by a state court judgment and asking the federal court to reverse that judgment. _Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico_, 410 F.3d 17, 24(1stCir.2005).

The Abuse Prevention Proceeding in the Lynn District Court ended with a determination favorable to Plaintiff.

11

12

Defendant is wrongly attempting to hamstring this Court by somehow claiming that Plaintiff is seeking a different result than the initial order in the Lynn District Court, but even if that was a prior court determination for purposes of the *Rooker-Feldman* analysis it would still not be applicable, since it was an *ex parte* proceeding where by definition Plaintiff did not have an opportunity to be heard.  Further, Plaintiff's claims were not and could not be adjudicated in such a proceeding. *Federacion*, at 22.

### (E) Defendant is Not Entitled to Dismissal Under Fed.R.Civ.P. 12(b)(6)

Plaintiff has more than adequately detailed and stated her claims for relief in her Complaint.

The complaint amply meets the updated requirements of the Rules of Civil Procedure which incorporate the command, and through common law the standards requiring Plaintiff's factual basis to be stated generally and inferences drawn therefrom to be  plausible as a matter of law. There has been no abandonment of language or spirit of Fed.R.Civ.P.8(a)(2) that the Complaint "shall contain a short and plain statement of the claim showing the pleader is entitled to relief."  The rules require

notice pleading, and the Defendants are hopeful that this Court will rule that *Bell Atlantic v. Twombly* 550 U.S. 544(2007) and *Ashcroft v. Iqbal* 129 S.Ct. 1937 (2009) have rewritten the Rules of Civil Procedure but as precedent in this circuit explains, they did not. *Ocasio-Hernandez et al v. Fortuno-Burset et al* 640 F3d 1,11(1st Cir. 2011).("The court explained that the propriety of dismissal under R 12(b)(6) turns on the complaint's compliance with Fed.R.Civ.P. 8(a)(2). Id. at 555. It further explained that a 'short and plain statement' does not need detailed factual allegations. Id. at 555. That aspect of the rule merely requires sufficient detail in the Complaint to give a defendant fair notice of a claim and the ground upon which it rests. Id.(citing *Conley v. Gibson*, 355 U.S.41,57(1957)).")

While Defendant asks this court to ignore and even misstates facts alleged by the Plaintiff, the rule requires this court to accept the Plaintiff's facts and to determine the plausibility of inferences and conclusions. Non-conclusory facts are to be treated as true, even if incredible and even if the court is skeptical that Plaintiff will be able to marshal the evidence necessary to prove them. *Ocasio-Hernandez*, at 12.

Not only do the Federal Rules of Civil Procedure

require that "all pleadings shall be construed so as to do substantial justice"[6] but indeed, this is one of those instances wherein the Plaintiff should be given leave to amend her Complaint. Plaintiff is entitled to an opportunity to correct any unintended vulnerabilities in the Complaint, especially since the Defendant refused to seek a more definite statement of the claims pursuant to F.R.C.P. 12(e). Simply put, while Defendant had plenty of notice of the cause of action asserted, Plaintiff had no notice at all that the statement of any of her claims may have been rendered deficient.

Because F.R.C.P. 15(a) directs that "leave shall be freely given when justice so requires", Plaintiff is entitled to an opportunity to amend her Complaint.

### (F) Defendant is Not Entitled to Summary Judgment

In attaching documents outside the Complaint Defendant has in fact filed a summary judgment motion, but he has done so prematurely and before discovery has even begun much less concluded. Even the limited evidentiary record before the court discloses the unavailability of summary judgment to Defendant, demonstrating as it does that every one of the facts he asserts

---

[6] F.R.C.P. 8(f).

is disputed.  Since the evidentiary record has not been sufficiently established for any purpose, Plaintiff is entitled to discovery pursuant to Rule 59f.

To the extent that Defendant omitted material facts, there is a dispute and therefore several genuine issues to be tried with respect to the material facts. _Celotex Corp. v. Catrett_ 477 U.S. 317, 325 (1986). Further, the Defendant has failed to point out to the Court any portions of the record that demonstrate the absence of a triable issue of material fact or indeed of the basis for his motion. _Rivera Colon v. Mills_, 635 F.3d 9, 12 (1st Cir. 2011).  The evidence of the non-moving party --here the Plaintiff--must be believed at the summary judgment stage and all reasonable inferences must be drawn in the non-moving party's favor. An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in Favor of the non-moving party. _Celotex v. Catrett_, 477 U.S. 317, 322-23 (1986): _Oliver v. Digital Equip. Corp._, 846 F.2d 103. 105 (1st Cir. 1988).

Plaintiff has filed the attached Statement of Facts, incorporated with an attached affidavit of counsel and other Exhibits C-G as if fully set forth herein, wherein she enumerates material facts which have been omitted by defendant in

his improperly pled Statement of Facts. Defendant has failed to establish the lack of any genuine issue of material fact. *Wynne v. Tufts Univ.Sch.of Med*., 976 F.2d 791,794(1st Cir.1992). A review of the record in this matter,"in the light most favorable to the plaintiff, 'indulging all reasonable inferences in that party's favor'." requires denial of defendants' motion. Even if this Court were to overlook defendant's failure to include evidence in defendant's possession, the Court must require defendant to explain his omissions.  Further if the Court were to employ the burden-shifting requiring the Plaintiff to assert a genuine issue for trial pursuant to *Anderson v. Liberty Lobby, Inc*.,477 U.S. 242,256, 91 L.Ed.2d 202, 106 S.Ct.2505 (1986), the Court still cannot grant judgment for the Defendant as  a matter of law.

   The roundly discredited statements by offered by Defendant along with the inadmissible heresay and other non-evidentiary offerings permeating his submission suggest if there is any entitlement to summary judgment it belongs to Plaintiff.

### iv. Conclusion

For the foregoing reasons Defendants' Motion should be denied.

### Request for Oral Argument

Pursuant to Federal Rule of Civil Procedure 56(d) Plaintiff respectfully asserts oral argument is necessary to assist the Court in this matter and asks therefore that a hearing be scheduled.

Dated: November 23, 2020

Respectfully submitted,

Sharon Radfar
By her attorney

s/Elizabeth M. Clague

_____
Elizabeth M. Clague
Attorney for the Plaintiff
The Kennedy Building
142 Main Street,
Suite 304
Brockton, MA 02301
(508) 587-1191
BBO# 632341

### CERTIFICATE OF SERVICE

I, Elizabeth M. Clague hereby certify that I have served the within document to Defendant by causing a copy to be sent

through the electronic filing system to his counsel of record, to wit:

Kenneth H. Anderson, Esq.
B.B.O. # 556844
Anderson, Goldman, Tobin & Pasciucco
50 Redfield Street
Boston, MA 02122
(617) 265-3900
kanderson@andersongoldman.com

                                        /s Elizabeth M. Clague