UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NUMBER
1:20-cv-10178IT

_____
SHARON RADFAR,                        )
            Plaintiff                 )
                                      )
V.                                    )
                                      )
CITY OF REVERE,and                    )
BRIAN M. ARRIGO,                      )
      MAYOR; and                      )
JAMES GUIDO,                          )         **OPPOSITION IN**
      CHIEF OF POLICE; and            )         **RESPONSE TO MUNICIPAL**
SERGEANT JOSEPH I.COVINO; and )                 **DEFENDANTS' MOTION**
OTHER AS YET UNNAMED                  )         **TO DISMISS**
OFFICERS OF THE                       )
REVERE POLICE DEPARTMENT;             )
INDIVIDUALLY AND IN THEIR             )
OFFICIAL CAPACITIES AS MAYOR )
CHIEF OF POLICE AND                   )
POLICE SERGEANT AND OFFICERS )
OF THE CITY OF REVERE,                )
            Defendants                )
_____)

## i. Introduction and Procedural Posture

The municipal defendants in the above-entitled matter including those sued in their individual capacities have moved to dismiss for failure to state a claim pursuant to FRCP 12(b)(6). The court has indicated it will deny defendant Covino's motion for dismissal/summary judgment, filed previously in his official and individual capacity and opposed by plaintiff. Plaintiff

herewith opposes dismissal of the individual and official capacity claims of the municipal defendants.

## ii. Facts

Municipal defendants were well aware of defendant Covino's history of misconduct[1] when defendants Guido and Unnamed Revere Police Officers assisted, encouraged and permitted Sergeant Covino to draft a police report in which he claimed to be alleged "victim", falsely and maliciously stating Plaintiff had committed crimes against him, and wrongly listing himself as the reporting officer and the supervisor, while stating the identity of the victim was "confidential.". With their instruction, encouragement, knowledge and permission he then appeared in the Lynn District Court *ex parte* and by making false, misleading and scurrilous claims against plaintiff while omitting information he knew to be essential to the court's proper evaluation of his claims Covino convinced a judge to grant him an Abuse Prevention Order pursuant to M.G.L. c. 209A against plaintiff, using his status as a police officer and his relationship with the court to wrongly credit his false claims.[2]

---

[1] Complaint ¶13.

[2] Complaint ¶¶6-12.

2

Plaintiff in her Complaint has alleged defendants were aware of, instructed, encouraged, and conspired with defendant Covino to use his police powers in order to advance his personal goals in his relationship with the plaintiff.[3]  Plaintiff has also alleged they knew well his history of misconduct and that they failed to train and discipline him with regard to that, to the detriment of plaintiff.  This Iranian woman has also alleged they violated her rights by treating her differently than similarly situated male and non-Iranian persons, and by and through their actions they not only assisted in the wrongful drafting of the police report by defendant Covino listing him as the author, the supervisor and the "victim" but though they were aware of it they failed to act to prevent the harms to plaintiff. She has alleged these defendants knew Covino was wrongly engaged in the use of his status to have her criminally charged, to cause the loss of her career and to destroy her life, and they all knew she was not the perpetrator of domestic violence or abuse of Covino, and that "Defendants also knew of his lengthy history of misconduct and failed to train, discipline or in any manner

---

[3] Plaintiff's factual allegations against Defendant Covino are more fully detailed in her Opposition to Motion to Dismiss by Defendant Covino, ECF Document 10 pp.2-4. She has asserted the other Defendants' knowledge, encouragement and participation in all of his acts of misconduct.

properly supervise him."[4] She has alleged their misconduct cost plaintiff her job, and that defendants treated plaintiff differently than other similarly situated persons for impermissible reasons in their support of his campaign of revenge against plaintiff for plaintiff telling Covino he was racist and "would dare to criticize him for his behavior toward her".[5] Plaintiff alleged defendants thereby treated her "differently than they would have a man and a person of European descent due to their gender and national origin animus.".[6]

Plaintiff specifically alleged these municipal defendants engaged in customs and policies of failing to train and discipline officers in providing proper responses to domestic abuse and protection of constitutional rights, that they also engaged in a custom and policy of protecting men who are members of the law enforcement fraternity from the consequences of violating the law.  Plaintiff also alleged the municipal defendants by their actions showed a deliberate indifference to the need for training, supervision or discipline of defendants

---

[4] Complaint, ¶¶12,13.

[5] Complaint, ¶18.

[6] *Id.*

Covino and Unnamed Officers.[7]

The facts pled by plaintiff against the defendants form the basis of Counts I-VIII of the Complaint where plaintiff alleged defendants owed her various constitutional and legal duties and breached them to her detriment constituting Abuse of Authority and Selective Prosecution in violation of the Equal Protection Clause of Amendment IVX, Defamation, violations of the Massachusetts Civil Rights Act, Intentional Infliction of Emotional Distress and constitutional violations in the form of deliberate indifference to the need for training and supervision, conspiracy to violate the Plaintiff's civil rights and failure to prevent wrongs committed against Plaintiff in violation of her civil rights, in violation of Amendments V and IVX.[8] Plaintiff has sought declaratory and injunctive relief, damages and trial by jury on all counts.

### iii.Argument

Defendants seek dismissal arguing that presentment and immunity provisions of the Massachusetts Tort Claims Act which are inapplicable to intentional torts and civil rights

---

[7] Complaint, ¶¶23-25.

[8] Complaint, Counts I-VIII.

claims asserted here should shield them and that in every respect the Court should construe the factual allegations by Plaintiff against her and in favor of Defendants.  That these egregious misstatements of fact and law inform the entirety of their arguments they should and must be soundly rejected.[9]

## (A) Defendants Are Not Entitled to Dismissal Under the Massachusetts Tort Claims Act (MTCA).

The Defense argues at such length about plaintiff's alleged failure to comply with the presentment requirement of G.L. c. 258 §4 it would be hard not to discern an attempt to suggest to this Court that the Complaint sounds in negligence, but all of plaintiff's claims, forming the basis for each and every count, are intentional torts and civil rights violations. It is axiomatic that these Claims are not subject to the

---

[9] When undersigned counsel conferred for thirty minutes with Attorney Doherty on March 12, 2021 the offer was made to go through the Complaint count by count to determine if any could be dismissed by agreement which was rejected by defense counsel who asserted there was not enough time to do so, but did not disclose the MTCA grounds. Parties did confirm the earlier mutual waivers: Plaintiff's waiver of attempts to obtain judgment for failure to timely answer despite no contact prior to the scheduling conference and defense counsel's waiver of any inadequate service claim and acceptance of service, and also agreed to liberal granting of courtesies with regard to deadlines whenever practicable.

presentment requirements of the Massachusetts Tort
Claims Act. *Robinson v. Commonwealth* 32 Mass. App. Ct. 6
(Mass.App.Ct 1992); *Richardson v. Dailey*, 424 Mass. 258, 259
(1997).

      The MTCA expressly exempts itself from the intentional
torts alleged here in §10, and it does not apply "to any claim
arising out of an intentional tort, including, assault, battery,
false imprisonment, false arrest . . . malicious prosecution. . .
and malicious abuse of process." M.G.L. c. 258, § 10.  *Lopes v.
Riendeau,* 177 F. Supp. 3d 634, 662 (D. Mass. 2016)("Conversely,
section 10 [of the MTCA] exempts public employees from the
immunity in section two for claims arising out of intentional
torts thus rendering them potentially liable for an intentional
tort."). The law will not permit dismissal under G.L. c. 258 of
any of Plaintiff's claims of intentional misconduct by individual
actors whether named or not. *Mellinger v. Town of West
Springfield*,  401 Mass. 188, 196 (1987). (In a civil rights and
intentional tort case, claim by the administrator of a decedent's
estate seeking recovery for intentional infliction of emotional
distress was brought against an undetermined number of a town's
police officers, the plaintiff was not required to comply with
the requirements of G. L. c. 258, the Massachusetts Tort Claims

7

Act.).  The MTCA will not shield defendants from liability for
the civil rights violations that Plaintiff has alleged. "Chapter
258 addresses itself to governmental liability for torts not for
constitutional deprivations". *Mellinger*, at 196. As a
matter of law, both damages and injunctive relief against
defendants are remedies available to this Plaintiff:

> "Although the basic provisions of the Massachu-
> setts Tort Claims Act are not applicable to
> intentional torts by State employees (G. L.
> c. 258, Section 10 [c]), and "normally
> [a public employer] cannot be held liable for
> intentional torts" (Mellinger v. West
> Springfield, ante 188, 196 [1987]), the
> enactment of G. L. c. 258 did not bar the
> development and application of common
> law principles governing the liability
> of public employers in areas to which G. L.
> c. 258 does not apply. **Thus the common law
> may impose liability on a government employer
> for certain wrongs, even intentional wrongs,
> by one of its employees. We can think of
> no basis for recognizing some form of
> governmental immunity that would prevent
> issuance of an injunction against an ongoing
> wrong committed systematically and intentionally
> by a governmental agency for the continuing
> benefit of the Commonwealth.** Cf. Ex parte Young,
> 209 U.S. 123, 159-160 (1908) (injunction
> against State official seeking to enforce
> unconstitutional law).
>
> *Lane v. Commonwealth*, 401 Mass.
> 549, 551-552 (1988)(emphasis
> added).

All counts of Plaintiff's complaint state causes of
action sounding in intentional torts and civil rights law and

therefore none fall under the ambit of the Massachusetts
Tort Claims Act, c. 258, in any respect.  "The MTCA, however, is
inapplicable to intentional torts. Mass. Gen. L. c. 258, §§10(c).
It, therefore, does not shield the Defendants from liability on
the remaining tort claims". *Ward v. Bellotti* C.A. # 13-12054
(D.Mass.2014) (Casper,J.).

Defendants can claim none of the statutory and public
policy-based immunities even if Plaintiff's claims required
presentment under the Commonwealth's Tort Claims Act, which as
intentional acts they do not[10]. The MTCA is inapplicable to
discrimination claims such as those plaintiff has alleged here.
*Jancey v. School Committee of Everett,* 421 Mass. 482.500-
501(1995) ("acts of discrimination-whether intentional-do not
thereby become torts.").

## (B) Defendants Are Not Entitled to Dismissal Under Fed.R.Civ.P. 12(b)(6)

Plaintiff has asserted a municipal police department in
the Commonwealth has practices, policies, procedures, rules and
training around the use of police power in personal relations,

---

[10]General Laws c. 258, §§ 10(c), as inserted by St. 1978, c.
512, §§ 15, states that G. L. c. 258 shall not apply to "any
claim arising out of an intentional tort".

civil rights, and domestic violence that ensure the requisite acts and omissions by the defendants trigger their liability. These defendants meanwhile suggest the Court substitute an implausible factual constellation wherein Covino used police reports and other tools of his trade as some unsupervised "bad apple" acting alone. In an environment as reliant on chain of command as a police department municipal defendants can not create out of whole cloth an alternate reality portraying Defendant Covino as acting on his own with no knowledge from the supervisors and no policies and practices engaged in by them. In the world they conjure there is no records division of the police department and no knowledge of when a police officer pursues criminal charges or appears in court, and knowledge of an officer's troubled history is a thing to be ignored.

Defense attempts to miscast the plaintiff's facts in a failed attempt to avoid accountability venture into extreme territory in parroting Defendant Covino's claim that his police report was actually just a "memo"–even after the Court rejected that out of hand at the initial conference. This is but one of several instances in which defendants insist the facts and reasonable inferences be construed against the plaintiff rather than, as the law has long required, in her favor. _Gilbert v. City_

_of Chicopee_, 915 F.3d 74, 80 (1st Cir. 2019). Ignoring the well-settled principle that the Court is to accept the plaintiff's factual statements as true, defendants are asking the Court to substitute their skewed reading of the complaint which substitutes their facts for plaintiff's and ignores her actual allegations.

Defendants' misconduct as alleged in violation of Plaintiff's rights made the city, mayor and chief of police liable for their misconduct.  Their campaign against Plaintiff as alleged states a claim for liability of the municipality pursuant to _Monell v. Department of Social Services_, 436 U.S. 658(1978).

In _Monell_, the U.S. Supreme Court overruled earlier precedent[11] to hold that a municipality is a person subject to suit under 42 U.S.C. §1983 _et seq_. but also that a city could not be held vicariously liable for the torts of its employees.  The Court required that in order to trigger municipal liability the Plaintiff has to prove unconstitutional acts by "lawmakers or by those whose edicts or acts may fairly be said to represent official policy". _Monell_ at 694. It is beyond genuine dispute the government actors identified by Plaintiff, in addition to acting in their individual capacities, were the top decision-

---

[11] _Monroe v. Pape_ 365 U.S. 167, 184 (1961)

makers in their areas of government such that their actions "may be said to represent official policy".[12]  Their acts and omissions constituted the misconduct of final policymakers triggering liability pursuant to *Monell v. NY Dept. of Social Services* 436 U.S. 658,694 (1978). Clearly this is one of those instances wherein even one such act can establish the liability of the city for the misconduct of these officials. The law holds municipalities accountable "for a single decision by municipal policymakers under appropriate circumstances" *Welch v. Ciampa,* 543 F.3d 927,942(1st Cir. 2008) quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469,480(1986).  There is no disputing the deliberate nature of the acts and omissions alleged against the defendants. *Pembaur*, 475 U.S. at 483.

Acts and omissions by the movants in their individual capacity are subject to personal immunity defenses which require the Plaintiff to show a higher level of culpability than is required for the acts and omissions alleged against the movants in their official capacity. *Kentucky v, Graham* 473

---

[12]  A court must "identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *Jett v. Dallas Independent School Dist.,* 491 U.S. 701,737(1989).

U.S. 159, 166-167,105 S.Ct. 3099, 3105-3106, 87 L.Ed.2d. 114
(1985), on remand 791 F.2d. 932(6th Cir. 1986).  If a Defendant
can show (s)he placed an "objectively reasonable reliance on
existing law", (s)he may be immune from liability. Such
immunity is unavailable to Defendants who are sued for acts and
omissions which have occurred  while they operated in their
official capacity. _Owen v. City of Independence_ 445 U.S. 622,
637, 100 S.Ct. 1398, 1408, 63 L.Ed.2d. 673(1980), rehearing
denied 446 U.S. 993, 100 S.Ct. 2979, 64 L.Ed.2d. 850(1980). In
fact it is well-settled that "it is not impossible for a
municipality to be held liable for the actions of lower-level
officers who are themselves entitled to qualified immunity".[13]

        Plaintiff has sought preliminary relief against all
Defendants as she is specifically permitted to do where an
"official in his or her official capacity, when sued for
injunctive relief, would be a person" _Will v.Michigan Dept. of
State Police_, 491 U.S. 58,71 n.10 (1989) quoting _Kentucky v.
Graham_, 473 U.S. 159, 167, n.14 (1985). Here, despite official
capacity Defendants' arguments that neither they nor state actors
in their official capacity are "persons", Plaintiff sought

---

        [13]_Joyce v. Town of Tewksbury, et al_ No. 95-1814 en banc.
(1st Cir. 1997).

specifically declaratory and injunctive relief.

Plaintiff has clearly alleged officials' abuse of power and asserted liability for their violations of her constitutional rights. Where Plaintiff has shown interference with constitutionally protected interests, she has established the essential requisite for civil rights claims.  The Mayor has not denied defendants were acting under his authority, and "when a public official "misuses" or "abuses" the authority given him by the State (i.e.,if he acts outside the scope of his employment) he nevertheless acts under color of State law where he is "clothed with the authority of [S]tate law." _Monroe v. Pape_, 365 U.S. 167, 184 (1961), overruled in part by _Monell v. Department of Social Servs of the City of N.Y._, 436 U.S. 658, 663 (1978) (overruling Monroe case "insofar as it holds that local governments are wholly immune from suit under §§ 1983")."[14] Here, the abuse of power to deny plaintiff her rights is the gravamen of her claims, and triggers government liability.

The Complaint more than satisfies requirements of the federal rules which mandate plaintiff's factual basis to be stated generally and inferences drawn therefrom to be  plausible as a matter of law. There has been no abandonment of language or

---

[14] _Maimaron v. Commonwealth_, 449 Mass. 167, 178 (2007).

spirit of Fed.R.Civ.P.8(a)(2) that the Complaint "shall contain a short and plain statement of the claim showing the pleader is entitled to relief."  The federal rules require notice pleading, and the Defendants are hopeful that this Court will rule that *Bell Atlantic v. Twombly* 550 U.S. 544(2007) and *Ashcroft v. Iqbal* 129 S.Ct. 1937 (2009)have rewritten the Rules of Civil Procedure but as precedent in this very circuit explains, they did not. *Ocasio-Hernandez et al v. Fortuno-Burset* et al 640 F3d 1,11(1st Cir.2011).("The court explained that the propriety of dismissal under R 12(b)(6) turns on the complaint's compliance with Fed.R.Civ.P. 8(a)(2). Id. at 555. It further explained that a 'short and plain statement' does not need detailed factual allegations. Id. at 555. That aspect of the rule merely requires sufficient detail in the Complaint to give a defendant fair notice of a claim and the ground upon which it rests. Id.(citing *Conley v. Gibson*, 355 U.S. 41,57(1957))").  The Supreme Court has affirmed that notice pleading remains the law, and the purpose of the Complaint is "informing the city of the factual basis for their complaint." *Johnson v. City of Shelby*,135 S.Ct. 346,347(2014). Non-conclusory facts are to be treated as true, even if incredible and even if the court is skeptical that Plaintiff will be able to marshal the evidence necessary to prove

16

them. _Ocasio-Hernandez,_ at 12. Further the Complaint "should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible . . . ." _Hernandez-Cuevas v. Taylor_, 723 F.3d 91, 103 (1st Cir. 2013). Plaintiff has more than adequately detailed and stated her claims for relief in her Complaint.

### (C) Defendants are Not Entitled to Dismissal of §1985 Claims

Plaintiff has properly pled the municipal defendants' conspiracy to violate her civil rights under 42 U.S.C.A. §1985(2) and(3) triggered by specific acts and omissions. _Kush v. Rutledge,_ 460 U.S. 719,725(1983).The defendants continue to insist that the Court ignore and disbelieve the facts pled by the Plaintiff and instead substitute their version thereof for hers.

The assistance, encouragement, and permission to punish plaintiff for accusing Covino of racism and misconduct and the gender and national origin animus on the part of defendants underpinning their selective enforcement and other violations of her civil rights state a claim under the statute. See _Hahn v. Sargeant_, 523 F2d 461,469(1stCir. 1975). Plaintiff here alleged that the Defendant's acted in concert to interfere with her

17

rights by selecting her for targeting of civil and criminal sanctions and deprivation of her property because she was of a particular gender and national origin, and because of her complaints to Covino about his mistreatment of her for those reasons.  See _Maymi v. Puerto Rico Ports Authority_, 515 F.3d 20, 31 (1st Cir. 2008).

### (D) Defendants Are Not Entitled to Dismissal Under 42 U.S.C.A. §1986

Where Plaintiff has detailed specific acts of misconduct and despite their awareness of and involvement in breaches of their duty to prevent harm that continued for months after her first notice that an Abuse Prevention Order pursuant to G.L. c. 209A had entered against her within three years of filing the Complaint but has been unable to even learn the identities of all the Defendants involved it would be unfair to foreclose liability under 42 U.S.C.A §1986 at this juncture. Defendants who incorrectly assert that claims accruing prior to January 29, 2019 are time-barred under the statute wrongly ask the court to limit their misconduct to a date certain where the facts she alleges do no such thing and in fact establish much later occurring misconduct. Indeed, defendants themselves assert that similar conduct against plaintiff by an officer in another municipality a

18

year later is relevant,[15] and surely that establishes a more than reasonable inference of culpability on the part of these defendants for conduct constituting conspiracy pursuant to 42 U.S.C.A. §1985 as well as failure to prevent harm pursuant to 42 U.S.C.A. §1986 within its two-year statute of limitations. Where, as here, the defense relies on summary judgment cases and wrongly attempts to impose a disputed fact standard rather than the correct one requiring acceptance of plaintiff's facts it cannot prevail.

Defendants have repeatedly passed on opportunities to prevent and remedy continuing harm to Plaintiff to this day. Plaintiff has amply detailed the allegations underpinning her civil rights conspiracy and failure to prevent harms claims under applicable law. Defendants' numerous denials and protestations of the facts alleged by plaintiff are unavailing here, where her factual allegations must be taken as true by this Court.

### (E).   Any Imposition by this Court Upon Plaintiffs of a Heightened Pleading Requirement in this Civil Rights Action Would be Unconstitutional.

Movants wrongly seek this Court's entry of a heightened

---

[15] See ECF Document 18-Motion to Dismiss, FN3.

19

pleading requirement as to the civil rights claims against the defendants in this case. _Johnson v. City of Shelby_,135 S.Ct. 346(2014). Inasmuch as the United States Supreme Court has made clear that heightened pleading requirements imposed on civil rights claims are impermissible in _Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit_, 507 U.S. 163 (1993) the allowance of the 12(b)(6) motion in the instant case effects a denial of Plaintiff's due process rights to a "meaningful" opportunity to be heard. In _Leatherman_, the Rhenquist Court reversed a 12(b)(6) dismissal in a civil rights case against the police, observing:

> We think that it is impossible to square the "heightened pleading standard" applied by the Fifth Circuit in this case with the liberal system of "notice pleading" set up by the Federal Rules. Rule 8(a)(2) requires that a complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief."

> _Leatherman,_ paragraph 19-20.

The unanimous _Leatherman_ barring of heightened pleading requirements was been extended to employment discrimination[16]

---

13 _Swierkiewicz v. Sorema_, 122 S.Ct. 992, 70 USLW 4152, 88 Fair Empl.Prac.Cas. (BNA)(2002).

and to prisoner's rights litigation [17] and remains in full force today. _Johnson_, at 347. If the Court is skeptical that the Plaintiffs can offer proof to sustain their allegations, the Complaint still must be allowed to move forward as the law requires the Court to accept the allegations in the Complaint as true.

## **(F)   Justice Requires That This Court Grant Plaintiff Leave to Amend The Complaint.**

Not only do the Rules of Civil Procedure require that "all pleadings shall be construed so as to do substantial justice"[18] but this is one of those instances wherein the Plaintiff should be given leave to amend the Complaint. She is entitled to an opportunity to correct any vulnerabilities in the Complaint, especially since the Defendants refused to specify which counts they found deficient upon what grounds when the parties conferred and failed to seek a more definite statement of the claims pursuant to F.R.C.P. 12(e).

Because F.R.C.P. 15(a) directs that "leave shall be

---

[17]   _Crawford-El v. Britton_, 523 U.S. 574, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

15   M.R.C.P. 8(f).

freely given when justice so requires", Plaintiff is entitled to an opportunity to amend her Complaint.

### iv. Conclusion

For the foregoing reasons Defendants' Motion should be denied.

### Request for Oral Argument

Plaintiff respectfully asserts oral argument is necessary to assist the Court in this matter and asks therefore that a hearing be scheduled.

Respectfully submitted,

Sharon Radfar
By her attorney

Dated: March 29, 2021

s/Elizabeth M. Clague
_____
Elizabeth M. Clague
Attorney for the Plaintiff
The Kennedy Building
142 Main Street,
Suite 304
Brockton, MA 02301
(508) 587-1191
BBO# 632341

21

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth M. Clague hereby certify that I have served the within document to Defendants by causing a copy to be sent through the electronic filing system to their counsel of record, to wit:

Paul Capizzi
City Solicitor
BBO#646296
Daniel E. Doherty
Assistant City Solicitor
BBO#127010
City Hall
281 Broadway
Revere, MA 02151


Kenneth H. Anderson, Esq.
B.B.O. # 556844
Anderson, Goldman, Tobin & Pasciucco
50 Redfield Street
Boston, MA 02122
(617) 265-3900
kanderson@andersongoldman.com


/s Elizabeth M. Clague