UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHARON RADFAR,                              *
                                            *
                Plaintiff,                  *
                                            *
        v.                                  *        Civil Action No. 1:20-cv-10178-IT
                                            *
CITY OF REVERE, BRIAN M. ARRIGO,            *
individually and in his official capacity as *
Mayor, JAMES GUIDO, individually and        *
in his official capacity as Chief of Police, *
JOSEPH I. COVINO, individually and in       *
his official capacity as Police Sergeant, and *
OTHER AS YET UNNAMED OFFICERS               *
OF THE REVERE POLICE                        *
DEPARTMENT, individually and in their       *
official capacities as police officers,     *
                                            *
                Defendants.                 *

MEMORANDUM AND ORDER

September 9, 2021

TALWANI, D.J.

        In this action, Plaintiff Sharon Radfar brings civil rights and tort claims against

Defendant Police Officer Joseph Covino, the City of Revere, Revere Mayor Brian M. Arrigo,

former Revere Police Chief James Guido, and other unnamed officers of the Revere Police

Department. Complaint ("Compl.") [#1].[1] Before the court are Covino's omnibus Motion and

Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint in its Entirety

Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56 and Special Motion and

Memorandum of Law in Support of Motion to Dismiss and Motion for Costs and Reasonable

Attorney's Fees Pursuant to Massachusetts General Laws c. 231 [#9] ("Covino's Mot.") and City

of Revere, Brian M. Arrigo, and James Guido's (the "Revere Defendants") Motion to Dismiss

---

[1] Covino, Arrigo, and Guido are sued individually and in their official capacities.

[#18]. For the reasons that follow, Covino's <u>Motion</u> [#9] is DENIED and the Revere Defendants' <u>Motion</u> [#18] is ALLOWED.

I.   <u>Background</u>

    A.   <u>Facts as Alleged</u>

The following facts are drawn from the <u>Complaint</u> [#1], the well-pleaded allegations of which are taken as true for the purposes of evaluating a motion to dismiss. <u>See</u> <u>Ruivo v. Wells Fargo Bank, N.A.</u>, 766 F.3d 87, 90 (1st Cir. 2014).

Plaintiff Sharon Radfar is a former George Mason University police officer. Compl. ¶¶ 6, 19 [#1].

Defendant Brian M. Arrigo is the Mayor of the City of Revere. <u>Id.</u> at ¶ 2.

Defendant James Guido was Chief of the Revere Police Department at the time of the alleged events. <u>Id.</u> at ¶ 3.

Defendant City of Revere is a government entity organized under the laws of the Commonwealth of Massachusetts. <u>Id.</u> at ¶ 5.

Defendant Joseph Covino is a police officer with the Revere Police Department in Revere, Massachusetts, and, during the events alleged in the <u>Complaint</u> [#1], was a sergeant. <u>Id.</u> at ¶ 4.

In January 2017, Covino created an incident report in the Revere Police Department system which included false allegations concerning Plaintiff's behavior towards him and others. <u>Id.</u> at ¶¶ 12, 57. In this incident report, Covino identified himself as the victim, the reporting officer, and the supervising officer approving the report. <u>Id.</u> at ¶ 12.

Also in January 2017, Covino filed a false and misleading Complaint for Protection from Abuse in Lynn District Court in Massachusetts and appeared for a hearing before a Lynn District Court judge. Id. at ¶¶ 7, 8. Covino falsely told the Lynn District Court judge that Plaintiff had threatened him and placed him in imminent fear of physical harm when she had done nothing of the kind; Covino also misrepresented messages and calls exchanged between Plaintiff and Covino and failed to disclose other pertinent information to the Lynn District Court judge. Id. at ¶ 7. Following this hearing, the Lynn District Court judge issued an Abuse Prevention Order. Id. at ¶¶ 6, 7.

Around the same time, Covino contacted Plaintiff's employer and falsely alleged Plaintiff had engaged/was engaging in criminal conduct. Id. at ¶¶ 6, 9.

On January 31, 2017, four uniformed officers seized Plaintiff's service weapons and gave her the Abuse Prevention Order and a letter from her employer informing her she was suspended pending an investigation of Covino's allegations of criminal conduct. Id.

Later, following a hearing attended by Plaintiff and Covino, the Lynn District Court judge vacated the Abuse Prevention Order and ordered Plaintiff's weapons returned. Id. at ¶¶ 11, 16.

Covino also contacted Virginia law enforcement entities and falsely alleged that Plaintiff had engaged in criminal conduct, id. at ¶¶ 10, 16; Defendant did not inform Virginia investigators that the Abuse Prevention Order was vacated. Id. at ¶ 17. As a result of these investigations, Plaintiff's private telephone records were the subject of a search warrant. Id. at ¶ 15.

Plaintiff later lost her job as a George Mason University police officer. Id. at ¶ 11.

3

Plaintiff was not charged with any crimes in Virginia or Massachusetts related to Covino's allegations. Id. at ¶ 16.

B. Procedural Background

Plaintiff's Complaint [#1] concerns events she alleges occurred in 2017. On January 29, 2020, Plaintiff filed her Complaint [#1] asserting claims of abuse of process (Count IX) and malicious prosecution (Count X) against Defendant Covino only, id. at ¶¶ 52-59; deliberate indifference to the need for training (Count VI) against the Revere Defendants only, id. at ¶¶ 42-43; and claims against all Defendants for: (1) violation of Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution to equal protection under law (Count I); (2) violation of Plaintiff's rights under the Fifth and Fourteenth Amendments of the United States Constitution by selective prosecution and enforcement based on gender and national origin bias (Count II); (3) defamation (Count III); (4) deprivation of civil rights through intimidation and coercion in violation of the Massachusetts Civil Rights Act (Count IV); (5) intentional infliction of emotional distress (Count V); (6) conspiracy to violate Plaintiff's civil rights under 42 U.S.C. §§ 1985(2) & (3) (Count VII); and (7) refusal to prevent wrongs committed against Plaintiff under 42 U.S.C. § 1986 (Count VIII), id. at 7-12.

The Revere Defendants moved to dismiss the counts directed towards them pursuant to Fed. R. Civ. P. 12(b)(6). Revere Defs.' Mot. Dismiss [#18].

Covino moved to dismiss the Complaint [#1] and for costs and attorney's fees pursuant to Mass. Gen. Laws ch. 231 § 59H (the "Massachusetts anti-SLAPP law") and also moved to dismiss the Complaint [#1] pursuant to Fed. R. Civ. P. 12(b)(6) and for summary judgment pursuant to Fed. R. Civ. P. 56. Covino's Mot. [#9]. Covino's Attachment A [#9-1] includes:

4

Covino's Complaint for Protection from Abuse; Covino's affidavit describing the facts he alleges

led him to file the Complaint for Protection from Abuse; the Abuse Prevention Order; and the

Order terminating the Abuse Prevention Order. Attachment B [#9-2] is an affidavit detailing

Covino's account of the relationship between Covino and Plaintiff; the actions Covino took in

Lynn District Court and in contacting law enforcement and Plaintiff's employer; and Covino's

reasons for taking those actions.

Plaintiff opposed both motions, see Opposition [#10], [#19], and filed a Statement of

Undisputed Facts [#11], her Affidavit [#13], and additional evidentiary material with her

Opposition [#10] to Covino's Motion [#9].

The court begins with Covino's anti-SLAPP suit motion, then turns to the motions to

dismiss under Federal Rule of Civil Procedure 12(b)(6), and finally to Covino's motion for

summary judgment under Federal Rule of Civil Procedure 56.

II.  Covino's anti-SLAPP Suit Motion

Covino argues his "conduct in seeking relief from abuse from the court system, in

contacting [Plaintiff's] employer, and then later speaking with a member of the Virginia State

Police, were all protected petitioning under [Massachusetts'] anti-SLAPP statute." Covino's

Mot. 12 [#9]. He contends that because a reasonable person could conclude he had a legal basis

for his petitioning activity, his activity is protected by Massachusetts' anti-SLAPP law, and

Plaintiff's Complaint [#1] should be dismissed in its entirety. Id. at 14.

Plaintiff argues that the Massachusetts anti-SLAPP statute does not apply in federal court

because it is a procedural rule, Opp'n to Covino's Mot. 6 [#10], and that in any event, Covino is

not entitled to the anti-SLAPP statute's protection because Plaintiff's action was not brought to chill his protected petitioning activity, id. at 7-9.

A. Massachusetts Anti-SLAPP Statute Applies to Massachusetts Claims in Federal Court

In Godin v. Schencks, the First Circuit concluded that the burden of proof allocation in Maine's anti-SLAPP statute was a substantive provision, and thus applicable to pendant state claims in federal court. 629 F.3d 79, 88-89 (1st Cir. 2010). The Court also found Maine's anti-SLAPP statute "is only addressed to special procedures for state claims based on a defendant's petitioning activity" and not "general federal procedures governing all categories of cases" and is not covered by Federal Rules of Civil Procedure 12(b)(6) or 56. Id. at 88. The Court then found that because the Maine anti-SLAPP statute is "'so intertwined with a state right or remedy [ ] it functions to define the scope of the state-created right[,]' it cannot be displaced by Rule 12(b)(6) or Rule 56." Id. at 89 (quoting Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 423 (2010) (Stevens, J. concurring)).

Massachusetts' anti-SLAPP statute is "in all relevant respects the same as the Maine anti-SLAPP statute." Steinmetz v. Coyle & Caron, Inc., Civ. No. 15-13594-DJC, 2016 WL 4073135, at *3 (D. Mass. July 29, 2016); see also de Lench v. Archie, 406 F. Supp. 3d 154, 157-58 (D. Mass. 2019). Accordingly, Massachusetts' anti-SLAPP statute applies to Plaintiff's Massachusetts claims.

B. Standard

Following state law, the court "'first [ ] decide[s] . . . whether to grant' the anti-SLAPP motion before deciding other grounds for dismissal." De Lench, 406 F. Supp. 3d at 158 (quoting Kobrin v. Gastfriend, 443 Mass. 327, 340-41, 821 N.E.2d 60 (2005)).

6

"The anti-SLAPP statute, which is intended to protect the constitutional right to petition from the burden of meritless lawsuits, provides for a special motion to dismiss so that courts can 'dispose expeditiously of meritless lawsuits that may chill petitioning activity.'" Id. (quoting Town of Hanover v. New England Reg'l Council of Carpenters, 467 Mass. 587, 594, 6 N.E.3d 522 (2014)).

> Once the defendant "make[s] a threshold showing through the pleadings and affidavits that the claims against it are based on the petitioning activities alone and have no substantial basis other than or in addition to the petitioning activities," "the burden shifts to [plaintiff] to demonstrate by a preponderance of the evidence that [defendant's] petitioning activity was devoid of any reasonable factual support or any arguable basis in law."

Id. (quoting first Duracraft Corp. v. Holmes Prod. Corp., 427 Mass. 156, 167, 691 N.E.2d 935 (1998) and then Fabre v. Walton, 436 Mass. 517, 520, 766 N.E.2d 780 (2002)).

> The anti-SLAPP statute defines a party's exercise of its right to petition broadly to include: "[1] any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding; [2] any written or oral statement made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other governmental proceeding; [3] any statement reasonably likely to encourage consideration or review of an issue by a legislative executive, or judicial body or any other governmental proceeding; [4] any statement reasonably likely to enlist public participation in an effort to effect such consideration; or [5] any other statement falling within constitutional protection of the right to petition government."

Blanchard v. Steward Carney Hosp., Inc., 477 Mass. 141, 147-48, 75 N.E.3d 21 (2017) (quoting Mass. Gen. Laws ch. 213, § 59H).

If the nonmoving party "can establish that its claim was not 'brought primarily to chill' the special movant's legitimate exercise of its right to petition[,]" the special motion to dismiss will be denied. Id. at 144-45 (quoting Duracraft, 427 Mass. at 161).

C.  Analysis

1.  Are Plaintiff's State Law Claims Based Only on Petitioning Activity?

Counts III, IV, and V (defamation, Massachusetts Civil Rights Act ("MCRA"), and intentional infliction of emotional distress claims) are all based at least in part on statements Covino allegedly made to Plaintiff's employer. See Compl. ¶¶ 32, 37, 40 [#1]. Statements made to Plaintiff's employer are not constitutionally protected petitioning activity and, thus, Counts III, IV, and V are not based solely on petitioning activity.

Count IX alleges Covino abused process in seeking an Abuse Prevention Order because he knew "he was not entitled to" one, id. at ¶ 53, and Count X alleges Covino "acting under color of law drafted and pursued criminal reports and paperwork consisting of his knowingly false statements accusing Plaintiff of criminal acts," id. at ¶ 57. Because these counts arose from Covino's petitioning activities before the Lynn District Court, Covino has met his initial burden as to Count IX and Count X.[2]

2.  Has Plaintiff Met Her Burden?

In Blanchard, the Supreme Judicial Court, concerned that a special movant could prevail where his "legitimate petitioning activity forms the basis of a meritorious adverse claim that is not primarily geared toward chilling such petitioning," added a means for a non-movant to defeat an anti-SLAPP motion by showing that "each claim was not primarily brought to chill the special movant's legitimate petitioning activity." 447 Mass. at 157, 160. To do so, a plaintiff

> must establish, such that the motion judge can conclude with fair assurance, that [the plaintiff's] primary motivating goal in bringing its claim[s] . . . was not to interfere with and burden defendants' . . . petition rights, but to seek damages for

---

[2] Counts I, II, VII, and VIII are federal claims, and accordingly, are not subject to Massachusetts Anti-SLAPP statute. Count VI is brought against the Revere Defendants only.

the personal harm to [plaintiff] from [the] defendants' alleged [legally transgressive] acts.

Id. at 160 (internal citation and quotation omitted). Accordingly, the court turns to whether Plaintiff can satisfy her burden as to Counts IX and X.

Plaintiff asserts that Covino's activity was improper and amounted to an abuse of process and malicious prosecution, where Covino's statements were false and where Covino knew Plaintiff did not commit the crimes he accused her of committing. A person subject to false and malicious petitioning activity is not precluded from seeking damages for personal harm caused by such activity. Because Plaintiff waited until the conclusion of the actions undertaken by the government as a result of Covino's petitioning activity, Plaintiff's Complaint [#1] did not interfere with Covino's petitioning activity. In assessing the totality of the circumstances "pertinent to the [Plaintiff's] asserted primary purpose in bringing [her] claim[s]," the court finds Plaintiff has demonstrated that she brought these claims to vindicate her own rights, not to infringe on Covino's petitioning rights, and moreover, has offered some reasonable possibility of a favorable result. Id. Accordingly, Defendant Covino's Special Motion is denied.

III. Motions to Dismiss

    A. Legal Standard

To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009).

Yet "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements," do not suffice to state a cause of action. <u>Id.</u> at 678. Accordingly, a complaint does

not state a claim for relief where the well-pleaded facts fail to warrant an inference of anything

more than the mere possibility of misconduct. <u>Id.</u> at 679.

In evaluating a motion to dismiss, the court assumes "the truth of all well-pleaded facts"

and draws "all reasonable inferences in the plaintiff's favor." <u>Nisselson v. Lernout</u>, 469 F.3d

143, 150 (1st Cir. 2006). "[A] judge can mull over 'documents incorporated by reference in [the

complaint], matters of public record, and other matters susceptible to judicial notice,'" <u>Lydon v.</u>

<u>Local 103, Int'l Bhd. Of Elec. Workers</u>, 770 F.3d 48, 53 (1st Cir. 2014) (quoting <u>Giragosian v.</u>

<u>Ryan</u>, 547 F.3d 59, 65 (1st Cir. 2008)) (alteration in original), but may not consider other

materials beyond the pleadings. "If, on a motion under Rule 12(b)(6) . . . , matters outside the

pleadings are presented to and not excluded by the court, the motion must be treated as one for

summary judgment." Fed. R. Civ. P. 12(d).

B.   <u>Revere Defendants' Motion to Dismiss</u>

1.   Claims under 42 U.S.C. § 1983

Section 1983 creates a civil cause of action against an individual acting under color of

state law who violates a plaintiff's federally protected rights. 42 U.S.C. § 1983. "A claim under

section 1983 has two essential elements. First, the challenged conduct must be attributable to a

person acting under color of state law" and "second, the conduct must have worked a denial of

rights secured by the Constitution or by federal law." <u>Soto v. Flores</u>, 103 F.3d 1056, 1061 (1st

Cir. 1997).

A municipality will only be held liable under § 1983 "where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989) (emphasis in original).[3] In order to find a municipality liable, the court must find that: (1) the plaintiff's harm was caused by a constitutional violation, and (2) the city was responsible for that harm. Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005). Under Monell v. Department of Social Services of City of New York, a municipality may be held liable under section 1983 where an "action pursuant to official municipal policy of some nature causes a constitutional tort." 436 U.S. 658, 691 (1978). Only where a policy or custom of a municipality evinces a "deliberate policy indifference" to individuals constitutional rights is it actionable under § 1983. City of Canton, 489 U.S. at 389.

"Public officials may be held liable under § 1983 for a constitutional violation only if a plaintiff can establish that his or her constitutional injury 'resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization.'" Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 16 (1st Cir. 2011) (quoting Rodríguez–García v. Miranda–Marín, 610 F.3d 756, 768 (1st Cir. 2010)). Section 1983 liability

---

[3] To the extent the individual Defendants are sued in their official capacities, these claims are the same as the claims against the City of Revere. See Saldivar v. Pridgen, 91 F. Supp. 3d 134, 137 (D. Mass. 2015) ("Under both Massachusetts and federal law, a claim against the chief of a municipal department in his official capacity is a claim against the municipality itself." (citing Murphy v. Town of Natick, 516 F. Supp. 2d 153, 158 (D. Mass. 2007)).

cannot rest solely on a defendant's position of authority. See Ayala-Rodriguez v. Rullán, 511 F.3d 232, 236 (1st Cir. 2007).

    a.  Equal Protection (Counts I and II)

Plaintiff alleges in Counts I and II that the Revere Defendants violated a duty under the Fifth and Fourteenth Amendments of the United States Constitution to "enforce the protection of the laws equally" when "Defendants endeavored to assist Covino in obtaining an advantage over [Plaintiff] in his civil proceedings[.]" Compl. ¶¶ 26-27 [#1]. Plaintiff also alleges "Defendants' repeated selective enforcement of the law for the benefit of Covino and as his agents violated Plaintiff's right to equal protection of the laws and the privileges and immunities of citizenship[.]" Id. at ¶ 30.

The Revere Defendants argue the equal protection counts should be dismissed for three reasons: (1) the Complaint [#1] lacks any facts "supporting the assertion" that a municipal policy caused her to be treated differently from similarly situated people "in connection with the abuse prevention proceedings" or that the municipality "was in any way the moving force behind any such constitutional violation"; (2) Plaintiff failed to identify instances where similarly situated persons were treated differently; and (3) Plaintiff failed to allege any facts "explaining Arrigo or Guido's role in the alleged constitutional violation sufficient to make them plausible defendants." Revere Defs.' Mot. Dismiss 8 [#18].

Plaintiff contends she has adequately alleged a Monell violation and that the Revere Defendants' actions represented official policy. Opp'n to Revere Defs.' Mot. Dismiss 11-14 [#19]. She asserts further that she is a female of Iranian descent and that the Revere Defendants

"violated her rights by treating her differently than similarly situated male and non-Iranian persons." Id. at 3.

The Equal Protection Clause "contemplates that similarly situated persons are to receive substantially similar treatment from their government." Tapalian v. Tuniso, 377 F.3d 1, 5 (1st Cir. 2004) (citation omitted).

> An equal protection claim requires "proof that (1) the person, compared with other similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."

Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013) (quoting Rubinovitz v. Rogato, 60 F.3d 906, 909-10 (1st Cir. 1995)). Whether individuals are similarly situated for equal protection purposes is not "always susceptible to precise demarcation" but turns on "whether a prudent person, looking objectively at the instances, would think them roughly equivalent and the protagonists similarly situated." Tapalian, 377 F.3d at 6 (quoting Barrington Cove Ltd. P'ship v. Rhode Island Housing and Mortg. Fin. Corp., 246 F.3d 1, 8 (1st Cir. 2001)).

Plaintiff fails to identify any similarly situated individuals. Without identifying similarly situated individuals, Plaintiff also fails to plausibly allege she was treated differently in violation of her right to equal protection. Plaintiff's conclusion that, "[a]ll Defendants treated this woman of Iranian descent differently than they would have a man and a person of European descent due to their gender and national origin animus," Compl. ¶ 18 [#1], is unsupported by factual allegations and is insufficient to state an equal protection claim under Section 1983. "An equal protection claimant may not prevail [against a Rule 12(b)(6) motion] simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by

discriminatory animus." Barrington Cove, 246 F.3d at 10 (alteration in original) (citation

omitted); see also Schofield v. Clarke, 769 F. Supp. 2d 42, 48 (D. Mass 2011) (dismissing equal

protection claim where the plaintiff "fail[ed] to set forth any facts showing that he was treated

differently from others who were similarly situated").[4] For these reasons, the equal protection

claims against the Revere Defendants are dismissed.

      b.   Deliberate Indifference to Need for Training (Count VI)

Count VI alleges the Revere Defendants acted with deliberate indifference to the

unconstitutional inadequacies in their training, supervision, and discipline of Covino and other

unnamed officers. Compl. ¶¶ 42-43 [#1].

The Revere Defendants argue this claim against the City of Revere should be dismissed

because (1) there are no allegations the City knew, or should have known, the relevant training

was inadequate and was still deliberately indifferent to the consequences and (2) Plaintiff alleged

Covino acted intentionally and, thus, any failure by the City of Revere to properly train Covino

cannot be the "moving force behind the alleged violation of Plaintiff's rights." Revere Defs.'

Mot. Dismiss 11 [#18] (citing Connick v. Thompson, 563 U.S. 51, 59 n.5 (2011); Hayden v.

Grayson, 134 F.3d 449, 457 n.14 (1st Cir. 1998)). As to Arrigo and Guido, the Revere

Defendants argue Plaintiff failed to show a causal link between Arrigo or Guido's conduct and

Covino's violative act or omission. Id. at 11-12.

---

[4] To the extent Plaintiff is alleging a class of one claim, the claim is still foreclosed where the
Complaint [#1] fails to identify peers with whom to compare Plaintiff. Freeman, 714 F.3d at 38
(reiterating that "class-of-one claims require an extremely high degree of similarity between [the
plaintiff] and the person to whom they compare themselves") (quotation and citation omitted).

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick, 563 U.S. at 61. "Only if the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact, and is closely related to, or the moving force behind, the constitutional injury, can the claim against the municipality prevail." Hayden, 134 F.3d at 456 (emphasis in original) (internal quotations and citations omitted).

Plaintiff argues that the Revere Defendants "knew well [Covino's] history of misconduct and that they failed to train and discipline him with regard to that." Opp'n to Revere Defs.' Mot. Dismiss 3 [#19]. While the Complaint [#1] does allege the Revere Defendants knew of Covino's conduct and failed to discipline and train him, Plaintiff includes no factual allegations supporting this conclusion. Plaintiff also failed to allege any facts concerning whether Arrigo or Guido even knew of Covino's alleged conduct at issue here. Plaintiff's allegations that the Revere Defendants failed to adequately train, or supervise Covino fail to plausibly allege a claim upon which relief can be granted and the court dismisses this count.

2. Tort Claims

Plaintiff brings tort claims for defamation and intentional infliction of emotional distress against the Revere Defendants.

In the defamation count, Plaintiff alleges Defendants (she does not specify which Defendants) "indicated to Plaintiff's employer and others that she had committed criminal acts," while knowing she had "not violated any laws nor committed any crime." Compl. ¶¶ 32-33 [#1]. In the intentional infliction of emotional distress count, Plaintiff alleges "Defendants' acts and

omissions constituted outrageous conduct and intentionally inflicted emotional distress upon Plaintiff." Id. at ¶ 40.

The Revere Defendants argue Plaintiff's claims for defamation and intentional infliction of emotional distress fall under the Massachusetts Tort Claims Act ("Tort Claims Act") and, due to lack of presentment and the City's immunity from liability for intentional torts, both claims should be dismissed as to the City. Also, because Plaintiff has alleged no facts upon which these claims can be plausibly inferred as to Arrigo and Guido, the claims should also be dismissed as to them.

In response, Plaintiff argues that her tort claims are not subject to the presentment requirements of the Tort Claims Act. Opp'n to Revere Defs.' Mot Dismiss 6-7 [#19] (citing Robinson v. Commonwealth, 32 Mass. App. Ct. 6, 584 N.E.2d 636 (Mass. App. Ct. 1992); Richardson v. Dailey, 424 Mass. 258, 259, 675 N.E.2d 787 (1997)). Plaintiff also contends that even if her claims required presentment, the Revere Defendants do not have immunity for intentional torts. Id. at 9.

      a.   Claim Against the City of Revere

The Tort Claims Act, Mass. Gen Laws ch. 258 § 2, "created a cause of action against public employers for the negligent or wrongful acts or omissions of their employees acting within the scope of their employment, thus abrogating the doctrine of governmental immunity." Nelson v. Salem State Coll., 446 Mass. 525, 537, 845 N.E.2d 338 (2006). However, "a municipality enjoys governmental immunity for intentional torts under the Massachusetts Tort Claims Act." Kelley v. LaForce, 288 F.3d 1, 12-13 (1st Cir. 2002) (citing Mass. Gen. Laws ch. 258, §10(c) (governmental immunity is retained for 'any claim arising out of an intentional tort .

16

. .')); see also Nelson, 446 Mass. at 537 ("Intentional torts are expressly exempted from the [Tort Claims] Act, and therefore a public employer cannot be sued for its employee's intentionally tortious conduct.").

Defamation and intentional infliction of emotional distress are both intentional torts, as Plaintiff notes in arguing against a presentment requirement. Opp'n to Revere Defs.' Mot Dismiss 5-8 [#19]. As intentional torts, the claims are barred against the City of Revere even if they are not specifically mentioned in Mass. Gen. Laws ch. 258, §10(c). See Kelley, 288 F.3d at 13 (citing Rezendes-Walsh v. City of Bos., No. Civ. A. 95-3707-E, 1996 WL 679673, at *2 (Mass. Super. Nov. 25, 1996) (noting that the Supreme Judicial Court of Massachusetts has found § 10(c)'s list of intentional torts illustrative, rather than exhaustive)). Thus, Counts III and V are dismissed as to the City of Revere.

b.   Claims Against Arrigo and Guido

Plaintiff has not alleged any facts concerning Arrigo or Guido's behavior much less the "extreme or outrageous" conduct necessary for liability for an intentional infliction of emotional distress claim. Accordingly, she has not stated a plausible claim and the intentional infliction of emotional distress claim is dismissed as to Arrigo and Guido. See Doe v. Bradshaw, Civ. Action No. 11-11593-DPW, 2013 WL 5236110, at *13 (D. Mass. Sept. 16, 2013) (citing Agis v. Howard Johnson Co., 371 Mass. 140, 143, 335 N.E.2d 315 (Mass. 1976)).

Plaintiff also has not alleged any facts as to the defamation claim that plausibly show Arrigo or Guido knew about Covino's relationship with Plaintiff or Covino's alleged misconduct in seeking an abuse protection order. Plaintiff has also failed to plead any facts connecting

Arrigo or Guido with any allegedly defamatory statements. Accordingly, Plaintiffs' defamation claims against Arrigo and Guido must also be dismissed.

3.  Massachusetts Civil Rights Act Claim (Count IV)

Plaintiff alleges Defendants used "intimidation and coercion" to interfere with her rights under the Massachusetts Declaration of Rights, specifically, that "Defendants endeavored to interfere with her right to travel to the Commonwealth as well as her right to her employment and her right to privacy." Compl. ¶ 37 [#1].

The Revere Defendants argue the MCRA claim against the City of Revere should be dismissed because "a municipality is not considered a person under the Act," Revere Defs.' Mot. Dismiss 16 [#18] (citing Saldivar, 91 F. Supp. 3d at 139), and the claim against Arrigo and Guido should be dismissed because Plaintiff failed to allege facts that support a plausible inference Arrigo or Guido knew of Covino's relationship with Plaintiff or of Covino's alleged wrongful conduct towards Plaintiff, "let alone threatened, coerced, or intimidated [Plaintiff] in any way." Id. at 17.

In response, Plaintiff states "[t]he facts pled by plaintiff against the defendants form the basis of Counts I-VIII of the Complaint where plaintiff alleged defendants owed her various constitutional and legal duties and breached them to her detriment constituting . . . violations of the Massachusetts Civil Rights Act . . . ." Opp'n to Revere Defs. Mot. Dismiss 5 [#19].

A claim brought under the MCRA, Mass. Gen. Laws ch. 12, § 11I, requires a plaintiff to demonstrate that "(1) his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or the Commonwealth (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by 'threats,

intimidation, or coercion.'" <u>Bally v. Northeastern Univ.</u>, 403 Mass. 713, 717, 532 N.E.2d 49 (1989). "The purpose of the MCRA is to provide under state law a remedy 'coextensive with 42 U.S.C. § 1983, except that the Federal statute requires State action whereas its State counterpart does not.'" <u>Farrah ex rel. Estate of Santana v. Gondella</u>, 725 F. Supp. 2d 238, 247 (D. Mass. 2010) (quoting <u>Batchelder v. Allied Stores Corp.</u>, 393 Mass. 819, 822-23, 473 N.E.2d 1120 (1985)). "The MCRA is remedial in nature. It creates no substantive rights." <u>Id.</u> (citing <u>Mouradian v. Gen. Elec. Co.</u>, 23 Mass. App. Ct. 538, 543, 503 N.E.2d 1318 (1987)). "Thus, in order 'to seek redress through [MCRA as under its Federal analog, 42 U.S.C.] § 1983 . . . a plaintiff must assert the violation of a federal [or State] *right*, not merely a violation of federal [or State] *law*." <u>Id.</u> (citing <u>Perkins v. Com.</u>, 52 Mass. App. Ct. 175, 1818, 752 N.E.2d 761 (2001) (emphasis in original) (citing <u>Blessing v. Freestone</u>, 520 U.S. 329, 340 (1997))).

Moreover, the MCRA is "explicitly limited" to situations "where the derogation of secured rights occurs by threats, intimidation or coercion" involving a specific threat of harm "directed toward a particular individual or class of persons." <u>Bally</u>, 403 Mass. at 718-19.

> For purposes of the MCRA, "[a] [t]hreat . . . involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm. Intimidation involves putting in fear for the purpose of compelling or deterring conduct . . . . [Coercion involves] the application to another of such force, either physical or moral, as to constrain [a person] to do against his will something he would not otherwise have done."

<u>Farrah</u>, 725 F. Supp. 2d at 247 (citing <u>Planned Parenthood League of Mass., Inc. v. Blake</u>, 417 Mass. 467, 474, 631 N.E.2d 985 (1994) (citations and quotations omitted)).[5]

---

[5] "The elements of 'threats' and 'intimidation' under the MCRA usually require actual or threatened physical force." <u>Spencer v. Roche</u>, 755 F. Supp. 2d 250, 265 (D. Mass. 2010), <u>aff'd</u>, 659 F.3d 142 (1st Cir. 2011) (citation omitted).

Thus, to survive a motion to dismiss, an MCRA claim must allege a defendant threatened, intimidated, or coerced the plaintiff into "giv[ing] up something [he had] the constitutional right to do." Pimentel v. City of Methuen, 313 F. Supp. 3d 255, 272 (D. Mass. 2018) (quoting Goddard v. Kelley, 629 F. Supp. 2d 115, 128 (D. Mass. 2009)) (internal quotation marks omitted).

    a.   City of Revere

In Howcroft v. City of Peabody, the Massachusetts Appeals Court concluded "a municipality is not a 'person' covered by the Massachusetts Civil Rights Act (MCRA)." 51 Mass. App. Ct. 573, 591-92, 747 N.E.2d 729 (2001). In reaching this conclusion, the Appeals Court examined the legislative history of the MCRA and Section 1983 and found that a municipality *is* a person under Section 1983 as a result of the legislative history "immediately preceding the passage by Congress of the Civil Rights Act of 1871, a precursor to § 1983" but that this has no "bearing on the MCRA . . . [which] only defines person to include 'corporations, societies, associations and partnerships.'" Id. at 592 (citation omitted). Because the City of Revere is not a proper defendant for an MCRA claim, this claim is dismissed.[6]

    b.   Arrigo and Guido

There are no allegations in the Complaint [#1] that Arrigo or Guido took any actions to interfere with Plaintiff's rights secured by the Constitution or the laws of the United States or the Commonwealth, much less that Arrigo and Guido interfered with such rights by threats,

---

[6] MCRA liability also does not extend to municipal employees acting in their official capacities. See O'Malley v. Sheriff of Worcester County, 415 Mass. 132, 141 n.13, 612 N.E.2d 641 (1993) ("[T]o avoid a State's sovereign immunity to a damages suit, a plaintiff must sue the State official in his individual and not his official capacity.").

intimidation, or coercion. See Lund v. Henderson, 22 F. Supp. 3d 94, 106 (D. Mass. 2014). Thus, this count is subject to dismissal.[7]

4.   Conspiracy Under 42 U.S.C. § 1985

Plaintiff alleges "two or more Defendants" "intimidated, threatened and coerced" her "not to offer testimony or assert her position in a case" and "conspired for the purpose of impeding, hindering, obstructing, or defeating, the due course of justice in the Commonwealth of Massachusetts, with intent to deny to Plaintiff the equal protection of the law." Compl. ¶ 45 [#1].

The Revere Defendants argue Plaintiff's allegation under the first clause of 42 U.S.C. § 1985(2) fails to state a plausible claim because Plaintiff alleges conspiratorial interference with the abuse protection proceedings in Massachusetts state court and alleged interference with state court proceedings cannot be brought under the first clause of § 1985(2). Revere Defs.' Mot. Dismiss 17-18 [#18]. The Revere Defendants also argue the § 1985 claim should be dismissed in its entirety because Plaintiff failed to allege "any racial or otherwise class-based invidiously discriminatory animus underlying the alleged conspiratorial conduct[.]" Id. at 19.

In response, Plaintiff argues she adequately pleaded a claim under § 1985, specifically that the Revere Defendants "acted in concert to interfere with [Plaintiff's] rights by selecting her for targeting of civil and criminal sanctions and deprivation of her property because she was of a

---

[7] In Pimentel, the MCRA count survived a motion to dismiss even though none of the individual defendants were personally alleged to have used threats, intimidation, or coercion to make the plaintiff take a breathalyzer test; however, in Pimentel all the individual defendants interacted with the plaintiff at the police station and thus the question remained whether the individual defendants knew plaintiff was given an incorrect form such that their conduct could be "coercive" under the MCRA. 323 F. Supp. 3d at 273. Here there are no allegations Arrigo or Guido were involved in any coercive, threatening, or intimidating actions.

particular gender and national origin" and because she complained to Covino about his mistreatment of her for those same reasons. Opp'n to Revere Defs.' Mot. Dismiss 16-17 [#19].

"Section 1985 provides a remedy for acts of civil conspiracy in which two or more individuals conspire for the purpose of depriving another of rights or privileges accorded to them by law." Alston v. Spiegel, 988 F.3d 564, 577 (1st Cir. 2021) (citing 42 U.S.C. § 1985(3)).

> To plead an actionable claim under this statute, [a plaintiff] must allege the existence of a conspiracy, allege that the purpose of the conspiracy is "to deprive the plaintiff of the equal protection of the laws," describe at least one overt act in furtherance of the conspiracy, and "show either injury to person or property, or a deprivation of a constitutionally protected right."

Id. (quoting Pérez-Sánchez v. Pub. Bldg. Auth., 531 F.3d 104, 107 (1st Cir. 2008)).

Plaintiff argues Defendants, conspired, *inter alia*, to deprive her of her property "because she was of a particular gender and national origin." Opp'n to Revere Defs.' Mot. Dismiss 17 [#19]. However, Plaintiff has failed to adequately plead any such conspiracy existed. "Refined to bare essence, a conspiracy is a 'combination of two or more persons acting in concert to commit an unlawful act." Alston, 988 F.3d at 577 (quoting Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988)). To plead a civil rights conspiracy, a plaintiff "must plausibly allege facts indicating an agreement among the conspirators to deprive the plaintiff of her civil rights." Parker v. Landry, 935 F.3d 9, 18 (1st Cir. 2019). Plaintiff has failed to allege any facts tending to show the existence of a conspiracy among Covino, Arrigo, and Guido (or any configuration of two Defendants); the Complaint [#1] does not include any allegations that Arrigo and Guido conspired or even that Arrigo and Guido knew anything of the conduct alleged in Plaintiff's Complaint [#1]. Because Plaintiff has failed to allege any facts from which to infer that the Arrigo and Guido reached a "common understanding of what they were hoping to achieve" this

count is dismissed. Alston, 988 F.3d at 578; see also Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) ("[A]llegations of conspiracy must [ ] be supported by material facts, not merely conclusory statements.").

5.   Refusal to Prevent Wrongs Under 42 U.S.C. § 1986

Plaintiff alleges Defendants knew of the "wrongs they each and severally were committing against Plaintiff," had the power to "prevent or aid in the prevention of said wrongs," and failed to do so. Compl. ¶¶ 49-50 [#1].

The Revere Defendants argue there is a one-year statute of limitations for actions brought under § 1986. Revere Defs.' Mot. Dismiss 20 [#18]. Covino obtained the Abuse Prevention order in January 2017, and Plaintiff did not file her Complaint [#1] until January 29, 2020, more than a year after the claim accrued. Id.

Plaintiff argues her claims are not time barred because she alleged ongoing misconduct which means the January 29, 2019 date is not significant for assessing this claim's timeliness. Opp'n to Revere Defs.' Mot. Dismiss 18 [#19].

Section 1986 "'creates a right of action against a party who, having knowledge that any of the wrongs in furtherance of a conspiracy prohibited by § 1985 are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses to do so.'" Humphrey v. Comoletti, Civ. Action No. 15-cv-14170-ADB, 2016 WL 4132205, at *4 (D. Mass. Aug. 3, 2016) (citing Salcedo v. Town of Dudley, 629 F. Supp. 2d 86, 99 (D. Mass. 2009) (quoting 42 U.S.C. § 1986)). Section 1986 claims are subject to a one-year limitation period. See 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

The court finds Plaintiff has not alleged ongoing conduct by the Revere Defendants, but instead, that her allegations concern conduct that happened in 2017. Thus, because she filed the Complaint [#1] in 2020, her § 1986 claim is barred by the statute of limitations. See Salcedo, 629 F. Supp. at 99.[8]

   C.  Covino's Motion to Dismiss

   Although Covino acknowledges the appropriate standard for a motion to dismiss, his Motion [#9] relies on his version of the facts rather than those alleged in Plaintiff's Complaint [#1], including the nature of Covino and Plaintiff's relationship, actions Plaintiff allegedly took towards Covino, and actions Covino claims led up to obtaining the Abuse Prevention Order. Covino also presents matters outside of the pleadings. Covino's Mot. 3-6 [#9]. Because Covino's arguments rely on his version of the facts, rather than assuming the truth of Plaintiff's well-pleaded facts, and include matters outside the pleadings, the Rule 12(b)(6) motion is denied.[9]

IV. Covino's Motion for Summary Judgment

   A.  Legal Standard

   Under Rule 56, the court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[8] This count would also be subject to dismissal because the court has found Plaintiff failed to allege a plausible conspiracy under 42 U.S.C. § 1985 and, thus, Plaintiff has failed to plausibly allege a conspiracy that the Revere Defendants could have had knowledge of and failed to prevent.

[9] The court recognizes that some of the legal arguments raised by the Revere Defendants and accepted by the court may also apply to Covino. The court declines to extend the rulings as to the Revere Defendants' to Covino, where he did not so move and where Plaintiff has not had an opportunity to address the arguments as they apply to Covino. After filing an answer and conferring with counsel, however, Covino may file a motion for judgment on the pleading under Rule 12(c) raising those arguments that may apply to him.

law." Fed. R. Civ. P. 56. A fact is material when, under the governing substantive law, it could

affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);

Baker v. St. Paul Travelers Ins. Co., 670 F.3d 119, 125 (1st Cir. 2012). A dispute is genuine if a

reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248.

Under Local Rule 56.1, a party seeking summary judgment must include "a concise statement of

the material facts of record as to which the moving party contends there is no genuine issue to be

tried, with page references to affidavits, depositions and other documentation. Failure to include

such a statement constitutes grounds for denial of the motion."

The opposing party must present evidence in order to defeat a properly supported motion,

and "[t]his is true even where the evidence is likely to be within the possession of the defendant,

as long as the plaintiff has had a full opportunity to conduct discovery." Id. at 257. The opposing

party must also include a Local Rule 56.1 statement.

Generally, a Rule 56 motion is brought after the parties have completed discovery. See

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, unless a local rule or court order

provides otherwise, a movant may file a summary judgment motion before discovery is complete

or before it has even commenced. See Fed. R. Civ. P. 56(a) ("a party may file a motion for

summary judgment at any time until 30 days after the close of all discovery"). Should a party

move for summary judgment early, Federal Rule of Civil Procedure 56(d) permits a nonmovant

to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to

justify its opposition" and allows the court to (1) defer considering the motion or deny it; (2)

allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

25

appropriate order. Fed. R. Civ. P. 56(d). "[A]lthough a request for Rule 56(f)[10] relief need not be expressly labeled as such, the party invoking the rule at a minimum must ask the court to refrain from acting on the summary judgment request until additional discovery can be conducted." C.B. Trucking, Inc. v. Waste Management Inc., 137 F.3d, 41, 44 (1st Cir. 1998) (citing Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996); Dow v. United Bhd. of Carpenters, 1 F.3d 56, 61 (1st Cir. 1993)).

"Rule 56(d) serves a valuable purpose. It protects a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion." Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc., et al., 730 F.3d 23, 28 (1st Cir. 2013). (citing Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 3 (1st Cir 2004)). It "provides a safety valve for claimants genuinely in need of further time to marshal 'facts, essential to justify [their] opposition . . . to a summary judgment motion.'" Reid v. New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995) (alteration in original) (quoting Mattoon v. City of Pittsfield, 980 F.2d 1, 7 (1st Cir. 1992)). "'Consistent with the salutary purposes underlying Rule 56(f), district courts should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter.'" In re PHC Inc. Shareholder Litig., 762 F.3d 138, 143 (1st Cir. 2014) (quoting Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)).

The plaintiff bears the burden under Rule 56(d) of specifically identifying relevant information and demonstrating that the evidence sought actually exists and would prevent

---

[10] "Rule 56(d) was formerly Rule 56(f)," and "the textual differences between current Rule 56(d) and former rule 56(f) are purely stylistic." Nieves-Romero v. United States, 715 F.3d 375, 381 n.3 (1st Cir. 2013). Therefore, "case law developed under former Rule 56(f) remains controlling, and [the First Circuit] cite[s] to it where applicable." Id.

summary judgment. Id. ("the party opposing summary judgment must make a sufficient proffer: 'the proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment'") (quoting Resolution Trust Corp., 22 F.3d at 1203). The Rule 56 Affidavit "'should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" Id. at 145 (quoting Resolution Trust Corp., 22 F.3d at 1203). "Because '[e]valuating the potential significance of unknown facts in regard to unadjudicated issues is something of a metaphysical exercise . . . . [T]he threshold of materiality at this stage of the case is necessarily low.'" Id. (quoting Resolution Trust Corp., 22 F.3d at 1207) (alteration in original).

A plaintiff must also show that she sought the requested information, or that there is good reason she has not been able to obtain the information. Id. "[I]n a case involving incomplete discovery, the Rule 56(d) proffer requirements can be categorized as: 'authoritativeness, timeliness, good cause, utility, and materiality.'" Id. at 143-44 (quoting Resolution Trust Corp., 22 F.3d at 1203). "[T]hese requirements are not inflexible and . . . one or more of the requirements may be relaxed or even excused, to address to exigencies of a given case.'" Id. at 144 (citing Resolution Trust Corp., 22 F.3d at 1203). If a plaintiff satisfies the requirements, "a strong presumption arises in favor of relief." Id. (quoting Resolution Trust Corp., 22 F.3d at 1203).

B.  Discussion

Here, Covino has failed to support his request for relief under Rule 56 with the required statement of undisputed material facts, and the motion may be denied on this ground alone. In addition, comparing Covino's version of events with Plaintiff's Statement of Material Facts

[#11], the relevant facts appear to be very much in dispute.

In any event, Plaintiff has submitted her Affidavit [#13], stating she has "not had the opportunity to gather the necessary evidence," including records from the Revere Police Department and the George Mason Police Department, nor had the opportunity to question Defendant Covino under oath. At the time the summary judgment motion was filed, discovery had not commenced, no depositions had been taken, and the parties had not yet exchanged initial disclosures. See Elec. Clerk's Notes [#16].

The court finds Plaintiff has shown good cause for her inability to marshal the facts set out in the Radfar Affidavit [#13], where the discovery Plaintiff states she seeks is not in her custody, but in the custody of the City of Revere, the George Mason Police Department, and Virginia state law enforcement agencies, and where she has not yet deposed Covino. Radfar Aff. [#13]; see also In re PHC, 762 F.3d at 144 ("[A] party seeking discovery expeditiously is not obligated to take heroic measures to enforce his rights against a recalcitrant opponent.") (internal citation and quotation omitted).

Plaintiff also has shown "a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time." Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 10 (1st Cir. 2007). The Radfar Affidavit [#13] satisfies the utility requirement where Plaintiff states her belief that various law enforcement agencies possess documents that are relevant to her claims. The court finds it is plausible additional facts needed to oppose Covino's motion for summary judgment exist and can be retrieved in a reasonable time from the sources identified.

Finally, Plaintiff enumerates specific disputes with facts asserted in Covino's Motion [#9]. For example, Plaintiff states she "categorically and specifically" denies she "made any

28

threats to Joey Covino from 2015 to 2017" and identifies sources who might have information relevant to this disputed fact. Radfar Aff. [#13]. At this stage, the court is satisfied that the facts Plaintiff asserted in her <u>Affidavit</u> [#13] are material to the resolution of Covino's pending summary judgment <u>Motion</u> [#9].

In sum, the court finds summary judgment at this stage unwarranted. The motion is denied without prejudice to the filing of summary judgment motions at the close of discovery. Any such motions shall comply with Local Rule 56.1.

V.  <u>Conclusion</u>

For the aforementioned reasons, the Revere Defendants' <u>Motion to Dismiss</u> [#18] is ALLOWED and Defendant Covino's <u>Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56</u> [#9] is DENIED.

IT IS SO ORDERED.

/s/ Indira Talwani
September 9, 2021                                    United States District Judge