UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



CIVIL ACTION
DOCKET NUMBER

| | |
|---|---|
| SHARON RADFAR,<br>    Plaintiff<br><br>V.<br><br>JOHN CROWLEY,<br>    CHIEF OF POLICE; and<br>OFFICER JASON FORD; and<br>LT. WILLIAM HALLISEY; and<br>OTHER AS YET UNNAMED<br>OFFICERS OF THE<br>BROCKTON POLICE DEPARTMENT;<br>INDIVIDUALLY AND IN THEIR<br>OFFICIAL CAPACITIES<br>CHIEF OF POLICE AND<br>POLICE LIEUTENANT, OFFICERS<br>OF THE CITY OF BROCKTON,<br>    Defendants | **COMPLAINT** |

### Parties

1. Sharon Radfar is a citizen of the United States.

2. John Crowley was at the time of the transactions and occurrences alleged the Chief of Police of the City of Brockton.

3. William Hallisey was at the time of the transactions and occurrences alleged a Lieutenant and Supervisor on the Brockton Police Department Internal Affairs Division.

4. Jason Ford was time of the transactions and occurrences alleged an officer on the Brockton Police Department who had an involvement with the Plaintiff.

5. The City of Brockton is a municipal corporation; being a government entity organized under the laws of the Commonwealth of Massachusetts and subject to the duties and requirements imposed by the U.S. Constitution and applicable federal law.

## Facts

6. On December 3, 2017 Plaintiff received a telephone call from Defendant William Hallisey in his capacity as an internal affairs officer who identified himself as a "stress officer" advocating for Defendant Ford in his relationship issues with the Plaintiff in which he yelled at her and threatened her in his behalf.

7. That same day, as Plaintiff learned sometime later, Defendant Ford went to the Brockton District Court *ex parte* and obtained an Abuse Prevention Order pursuant to M.G.L. c. 209A against Plaintiff, by making false, misleading and scurrilous statements which were damaging and humiliating to Plaintiff to the court including but not limited to false statements that he was placed in fear of imminent physical harm

2

by Plaintiff.

8. In the subsequent days Plaintiff appeared at a hearing. Shortly thereafter the Court vacated the Abuse Prevention Order but based on Defendant Ford's *ex parte* and false and misleading, damaging and humiliating statements about Plaintiff obtained a Harassment Prevention Order pursuant to M.G.L. c. 258e. After Defendant Ford's false statements and falsified and incomplete evidence presented to the court the order was extended for one year.

9. Defendant Lt. Hallisey had initiated, assisted with and conspired with Officer Ford and others to obtain entry of the orders against Plaintiff. Lt. Hallisey had assisted other officers in obtaining similar orders, which are designed to protect survivors of domestic violence and actual acts of stalking, threats and harassment, against women with whom they had relationships in a pattern and practice manifesting gender animus against women and misuse of court proceedings. Ford, Hallisey and others made statements and engaged in actions deriding Plaintiff's National Origin and her gender.

10. The following year Officer Ford, Lt. Hallisey and others made and caused others to make false, misleading and humiliating and gender and ethnically biased statements about Plaintiff in an attempt to deprive her of employment, destroy her

3

career as a law enforcement officer, and cause her to be wrongly charged with crimes in her home state of Virginia.

11. When Plaintiff moved to vacate the order obtained by Ford and appeared at a hearing scheduled by the Court in mid 2018, Ford did not appear and the order was vacated.

12. Defendants Ford and Hallisey's campaign to destroy Plaintiff's career and her life and deprive her of her liberty continued with statements to her employer, the federal Office of Personnel Management and others throughout 2018.

13. Ford's and Hallisey's false, misleading, wrongful and devastating campaign against Plaintiff followed Ford's pursuit of the Plaintiff in a relationship that included his travel to her home state to accompany her at a family wedding in the fall of 2017, his continued contact with the Plaintiff and acceptance of more than $3,000.00 worth of donations from her to a Wounded Warrior event in Brockton where he knew she intended to deliver the items.

14. Ford and Hallisey falsely and maliciously accused Plaintiff of misconduct and even crimes they knew she did not commit. They used their status as law enforcement officials to credit their false claims to the court, her employer, and federal officials conducting a background investigation of Plaintiff.

4

15. Defendants Crowley and other unnamed Brockton Police Officials were aware of Hallisey and Ford's misconduct toward Plaintiff and also were aware of the custom and practice of Brockton Police Officers wrongly using court proceedings to advance their personal interests in a gender biased manner and in a manner that constituted an abuse of power. They were also aware that the misconduct and abuse of power was in part rooted in their National Origin bias. Said Defendants failed to train, discipline or properly supervise them.

16. Defendants' misconduct toward Plaintiff contributed to the loss of her job and further directly caused the deprivation of other career opportunities to which she was entitled.

17. Plaintiff was humiliated, hurt and devastated by the false claims Defendants wrongly used their positions to advance against her and it had a profound impact on her career and her daily life.

18. Defendants treated Plaintiff differently from other similarly situated persons for impermissible reasons. All Defendants treated this woman of Iranian descent differently than they would have a man and a person of European descent to her detriment due to their gender and National Origin animus.

19. As a result of the Defendants' misconduct and

violations of her Constitutional rights, Plaintiff has suffered severe injuries and losses including but not to limited trauma, loss of her position and her career as a police officer, humiliation and opprobrium in the law enforcement community, inability to pass a federal government background check and great pain of body and mind that persists and interferes with her ability to carry on her regular activities to this day.

20. In addition, Plaintiff has suffered damage to her ability to maximize her potential earnings, and has suffered substantial financial losses.

21. Defendants Crowley, Hallisey and as yet unnamed officers all engaged in a custom and policy of failing to train and discipline officers in providing proper responses to domestic abuse and protection of constitutional rights.

22. Defendants Crowley, Hallisey, and as yet unnamed officers engaged in a custom and policy of protecting men who are members of the law enforcement fraternity from the consequences of violating the law.

23. Defendants Crowley, Hallisey and as yet unnamed officers showed a deliberate indifference to the need for training, supervision, or discipline of Defendant Ford and Other Unnamed Officers.

6

## Jurisdiction

24. This action arises under U.S.C.A. Const.Amend. 1, U.S.C.A. Const.Amend. 4, U.S.C.A. Const.Amend. 5,U.S.C.A. Const.Amen. 8, U.S.C.A. Const.Amend. 14, 42 U.S.C.A. s. 1983, 42 U.S.C.A. s. 1985(2) and (3), 42 U.S.C.A. 1986, the Massachusetts Declaration of Rights, M.G.L.A. c. 12 s.11H-I, and where a person alleges violations of her federal constitutional rights in transactions and occurrences taking place within this District.

## Claims for Relief

COUNT I.-EQUAL PROTECTION VIOLATIONS-Abuse of Authority Under Color of Law

25. Plaintiff hereby realleges paragraphs 1-24 and and incorporates the same by reference as if fully set forth in this Count.

26. Defendants owed Plaintiff a duty to enforce the protection of the laws equally pursuant to U.S.C.A. Const. Amend.5 and U.S.C.A. Const.Amend.14 guaranteeing persons equal protection of the laws and equal enjoyment of the privileges and immunities of citizenship.

27. Defendants Ford, Hallisey and unnamed officers breached said duty by acting as agents to secure the vengeful private interests of Ford and all wrongfully acted under color of

7

law. Defendant Hallisey initiated and assisted Ford in obtaining an advantage over her in his civil proceedings they pursued maliciously and in an abuse of process. As a result of Defendants' intentional, reckless and willful violations of Plaintiff's rights under the Constitution of the United States and the Massachusetts Declaration of Rights, Plaintiff has sustained emotional distress due to the ordeal of being wrongly targeted and unlawfully harassed and falsely and maliciously accused and subject to devastating gender and National Origin stereotyping. As a result thereof Plaintiff continues to suffer great pain of body and mind. Plaintiff has been deprived of her lengthy career, has been deprived of her opportunity to assert her constitutional rights and deprived the enjoyment of her substantive constitutional rights, and Plaintiff has been and continues to be unable to carry on her normal activities.

COUNT II.-SELECTIVE PROSECUTION-Gender and National Origin

28. Plaintiff hereby realleges paragraphs 1-27 and and incorporates the same by reference as if fully set forth in this Count.

29. Defendants intentionally, wilfully, and recklessly and repeatedly wrongly accused Plaintiff of misconduct and even crimes, maliciously defamed her and abused process in a campaign to humiliate Plaintiff although they knew she committed no acts of

misconduct nor crimes, and had not placed Defendant Ford in fear although he and they falsely stated that she had, for the impermissible reasons of gender bias and National Origin bias.

30. Defendants' repeated selective enforcement of the law for the benefit of Ford and as his agents violated Plaintiff's rights to equal protection of the laws and the privileges and immunities of citizenship enumerated in U.S.C.A. Const.Amend. 5 and U.S.C.A.Const.Amend.14.

### COUNT III.-DEFAMATION

31. Plaintiff hereby realleges paragraphs 1-20 and 27-29 and incorporates the same by reference as if fully set forth in this Count.

32. Defendants indicated to Plaintiff's employer, federal background investigators and others that she had committed abusive, threatening and even criminal acts and that she was mentally impaired and unfit to obtain a security clearance and for her chosen and previous lengthy career in law enforcement.

33. Defendants knew Plaintiff had not violated any laws, abused or placed in fear Ford, nor committed any crime, nor was she mentally impaired or unfit for a security clearance or her work in law enforcement.

34. Said conduct was defamatory *per se.*

35. Plaintiff suffered grievous injury to her reputation

9

and loss of her ability to earn a living and great pain of mind and body that continues to this day as a result of Defendants' conduct. As a result Plaintiff has been unable to carry on her normal activities.

COUNT IV.-MASSACHUSETTS CIVIL RIGHTS ACT

36. Plaintiff hereby realleges paragraphs 1-35 and and incorporates the same by reference as if fully set forth in this Count.

37. Defendant Hallisey called Plaintiff on the telephone, identified himself as police brass but not internal affairs though that was his position, and advocated for Ford's private interests in the relationship between the two and yelled at and threatened her. Defendant Ford had also threatened Plaintiff with personal and reputation destruction.

38. Defendants by their conduct deprived Plaintiff of her rights under the Massachusetts Declaration of Rights and the United States constitution by means of intimidation and coercion. Defendants endeavored to interfere with her right to travel to the Commonwealth as well as her right to her employment and her right to privacy.

39. Plaintiff is entitled to injunctive relief, damages, attorneys fees and other relief pursuant to M.G.L.A. c. 12 s.11H-I because Defendants engaged in said threats, coercion and

intimidation under color of law in violation of said statute and 42 U.S.C.A.§ 1983.

COUNT V.–INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff hereby realleges paragraphs 1-39 and and incorporates the same by reference as if fully set forth in this Count.

41. Defendants' acts and omissions constituted outrageous conduct and intentionally inflicted emotional distress upon Plaintiff.

42. As a direct and proximate cause of said misconduct, Plaintiff suffered at the time and continues to suffer stomach disturbances, weight loss, nightmares, anxiety and a fear of police officers.

COUNT VI.–DELIBERATE INDIFFERENCE TO NEED FOR TRAINING

43. Plaintiff hereby realleges paragraphs 1-23, 25-42 and incorporates the same by reference as if fully set forth in this Count.

44. Defendants Crowley's, Hallisey's, other unnamed officer's acts and omissions demonstrate deliberate indifference to the need for training, supervision and discipline of Defendants Hallisey, Ford and Other Unnamed Officers which caused the Plaintiff to sustain the deprivations of her constitutional rights and suffer the grievous injuries described in this Complaint when

11

said officers engaged in the misconduct alleged throughout this Complaint.

COUNT VII-CONSPIRACY TO VIOLATE CIVIL RIGHTS

45. Plaintiff hereby realleges paragraphs 1-44 and and incorporates the same by reference as if fully set forth in this Count.

46. Plaintiff was intimidated, threatened and coerced not to offer testimony or assert her position in a case in which she was a witness and a party by the misconduct of two or more of the Defendants, and further two or more of the Defendants conspired for the purpose of impeding, hindering, obstructing, or defeating, the due course of justice in the Commonwealth of Massachusetts, with intent to deny to Plaintiff the equal protection of the laws.

47. Defendants thereby conspired to deprive Plaintiff of her constitutional rights in violation of 42 U.S.C.A. §1985(2) and (3).

48. Plaintiff has suffered lasting emotional and physical harm and a continuing deprivation and damage to of her financial interests as a result.

COUNT VIII--REFUSAL TO PREVENT WRONGS COMMITTED AGAINST PLAINTIFF

49. Plaintiff hereby realleges paragraphs 1-48 and and incorporates the same by reference as if fully set forth in

12

this Count.

50. Defendants knew of the wrongs they each and severally were committing against Plaintiff.

51. Said Defendants, knowing of and having the power to prevent or aid in the prevention of said wrongs, refused to do so.

52. As a result of their refusal to prevent said wrongs, incurred liability pursuant to 42 U.S.C. §1986.

### COUNT VIII.-ABUSE OF PROCESS

53. Plaintiff hereby realleges paragraphs 1-25 and incorporates them as if fully set forth herein.

54. Defendants Ford and Hallisey knew Ford was not entitled to an Abuse Prevention Order against Plaintiff and despite his knowledge, falsely and maliciously filed a Complaint for Protection from Abuse seeking such an order. Hallisey and Ford also know Ford was not entitled to a Harassment Prevention Order yet despite that knowledge falsely and maliciously sought such an order.

55. Defendants advanced knowingly false claims with the ulterior motive of engaging in discrimination and exacting revenge against Plaintiff and destroying her career and her life.

56. Said misconduct by Defendant Ford caused Plaintiff

13

incur legal fees and to suffer humiliation, embarrassment, anguish and to cause her reputation in the community and with her employer to suffer such that she lost her job and then was deprived of the opportunity to obtain a position with the federal government thereby irretrievably interfering with her career.

## Demands for Judgment

Plaintiff respectfully demands a trial by jury on all issues to the full extent provided by law.

WHEREFORE Plaintiff, Sharon Radfar, prays for judgment:

1. Granting Injunctive and Declaratory Relief;

2. Awarding Plaintiff compensatory damages, with interest;

3. Awarding Plaintiff punitive damages;

4. Awarding Plaintiff her costs, including reasonable attorneys fees, pursuant to 42 U.S.C.A. s. 1983 and M.G.L.A. c.12 s.11I.

5. Granting such other and further relief as the Court may deem just and proper.

14

Dated: December 2, 2020

Respectfully submitted,

Sharon Radfar
By her attorney

s/Elizabeth M. Clague

_____
Elizabeth M. Clague
Attorney for the Plaintiff
The Kennedy Building
142 Main Street, Suite 304
Brockton, MA 02301
(508) 587-1191
BBO# 632341

15