UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON RADFAR, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF REVERE, BRIAN M. ARRIGO, individually and in his official capacity as Mayor, JAMES GUIDO, individually and in his official capacity as Chief of Police, JOSEPH I. COVINO, individually and in his official capacity as Police Sergeant, and OTHER AS YET UNNAMED OFFICERS OF THE REVERE POLICE DEPARTMENT, individually and in their official capacity as police officers, <br><br> Defendants. | Civil Action No. 1:20-cv-10178-IT |

MEMORANDUM AND ORDER

June 22, 2023

TALWANI, D.J.

Before the court is Defendant Joseph Covino's Motion Pursuant to Local Rule 7.2 to _Temporarily_ Impound the (1) Defendant's Motion for Relief from and/or Modification to this Court's February 22, 2022 Order Restricting Use of Plaintiff's Fitness-For-Duty Evaluations and (2) Defendant Joseph L. Covino's Motion and Memorandum of Law in Support of Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [Doc. No. 57] ("Mot. to Impound"). For the reasons that follow, Covino's Motion to Impound [Doc. No. 57] is GRANTED in part and DENIED in part.

I. Background

Plaintiff Sharon Radfar alleges that she is a former George Mason University police officer, Compl. ¶¶ 6, 19 [Doc. No. 1], who had a consensual sexual relationship with Defendant

Covino, a police officer with the Revere Police Department. Affidavit Supporting Plaintiff's Opposition in Response to Defense Mot. ("Counsel's Aff."), Ex. G, Transcript of Lynn District Court Proceedings, ECF p. 16 [Doc. No. 12]. Radfar alleges that after their relationship ended, Covino submitted false incident reports concerning her behavior to the Revere Police Department. Compl. ¶¶ 12, 57 [Doc. No. 1]. She further alleges that Covino filed a false and misleading Complaint for Protection from Abuse in Lynn District Court in Massachusetts and appeared for a hearing before a Lynn District Court judge where he repeated the false and misleading claims. Id. at ¶¶ 7, 8. Additionally, Radfar contends that Covino contacted her employer and falsely alleged she had engaged/was engaging in criminal conduct. Id. at ¶¶ 6, 9. Radfar was subsequently suspended from her job at George Mason University pending an investigation of Covino's allegations of criminal conduct. Id. at ¶¶ 6, 9. Ultimately, Radfar lost her job, id. at ¶ 11, but was not charged with any crimes in Virginia or Massachusetts related to Covino's allegations. Id. at ¶ 16. Radfar asserts nine claims against Covino: (1) violation of her rights to equal protection; (2) selective prosecution and enforcement based on gender and national origin bias; (3) defamation; (4) civil rights claims under the Massachusetts Civil Rights Act; (5) intentional infliction of emotional distress; (6) conspiracy to violate Radfar's civil rights under 42 U.S.C. § 1985(2) & (3); (7) refusal to prevent wrongs committed against Radfar under 42 U.S.C. § 1986; (8) abuse of process; and (9) malicious prosecution. Id. at 7-14.[1]

---

[1] Radfar also asserted claims against Defendants City of Revere, Brian M. Arrigo, James Guido, Covino, and other unnamed officers of the Revere Police Department (the "Revere Defendants") The court granted the Revere Defendants' Motion to Dismiss [Doc. No. 18]. Mem. & Order [Doc. No. 21].

Covino moved to dismiss the Complaint [Doc. No. 1] pursuant to Fed. R. Civ. P. 12(b)(6), moved for summary judgment pursuant to Fed. R. Civ. P. 56, and moved to dismiss the complaint and for costs and attorney's fees pursuant to Mass. Gen. Laws c. 231 § 59H. Def. Mot. to Dismiss [Doc. No. 9]. The court denied Covino's motion. Mem. & Order [Doc. No. 21].

Toward the end of the fact discovery period, Radfar filed a Motion for a Protective Order to Quash a Subpoena Pursuant to FRCP 26 and FRCP 45 [Doc. No. 29] seeking to prevent her former employer George Mason University from disclosing certain records, including medical records, related to her employment. The Motion alleged that the documents had no relevance to the case, and Covino sought only to "subject Plaintiff to and cause her annoyance, embarrassment and oppression" by acquiring them. Mot. for a Prot. Order 2-3 [Doc. No. 29]. On February 22, 2022, the court denied the motion but directed "that the documents be maintained by Defendant Covino and his counsel as confidential documents that may not be disclosed pending further order of the court." Elec. Order ("the February 22, 2022 Impoundment Order") [Doc. No. 31].

Plaintiff then filed two Motions to Compel [Doc. Nos. 39, 41]. The first [Doc. No. 39] sought to compel discovery production and accused Covino of inadequately responding to the Plaintiff's interrogatories and refusing to confer about the dispute. Mem. in Supp. of Mot. to Compel 1-2 [Doc. No. 40]. The court granted the motion in part and directed Covino to serve a supplemental response to Plaintiff's Document Requests 1-4, see Mot. to Compel 1-4 [Doc. No. 39], by May 27, 2022. Elec. Order [Doc. No. 53]. The court denied the second motion [Doc. No. 41], which sought to compel George Mason University to produce testimony or reports related to Radfar's employment. Elec. Order [Doc. No. 54].

Before moving for summary judgment, Covino filed the pending Motion to Impound pursuant to Local Rule 7.2 [Doc. No. 57]. The Motion seeks to temporarily impound three pleadings that Defendant intends to file: (1) Defendant's Motion for Relief From and/or Modification to this Court's February 22, 2022 [Impoundment] Order; (2) Defendant Joseph I. Covino's Motion for Summary Judgment with Memorandum of Law in Support; and (3) Defendant Joseph I. Covino's Local Rule 56.1 Statement of Material Facts. Mot. to Impound 1 [Doc. No. 57]. The court stayed the deadline for filing summary judgment motions pending its decision on Covino's Motion to Impound [Doc. No. 57]. Elec. Order [Doc. No. 58].

II. Discussion

This court is guided in sealing documents by First Circuit precedent and Local Rule 7.2. Because the public has a "presumptive" right of access to judicial documents, United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (citing Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998)), "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" Id. (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)). The burden is thus on the impoundment-seeking party to show that impoundment will not violate the public's presumptive right of access. See Foltz v. State Farm Mut. Auto. Ins., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."). For that reason, when seeking to file under seal any confidential information, a party must show this court good cause for the impoundment. See Kravetz, 706 F.3d at 60. Specifically, the party seeking impoundment must make "a particular factual demonstration of potential harm," id., as to why the document

4

should be sealed. See Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements."). The court "will not enter blanket orders" for impoundment. Local Rule 7.2(d).

Here, Covino asks that three documents he intends to file—his motion for relief from and modification of the court's February 22, 2022 Impoundment Order [Doc. No. 31], his summary judgment motion, and his statement of material facts—be temporarily impounded to protect Radfar's privacy in order to comply with and until the court issues clarification on its February 22, 2022 Impoundment Order [Doc. No. 31]. Mot. to Impound 2-3 [Doc. No. 57]. He explains that the documents "contain sensitive medical information related to three Fitness-For-Duty evaluations the plaintiff underwent at the request of her then employer, George Mason University." Mot. to Impound, 1-2 [Doc. No. 57]. Covino has met his burden of demonstrating that the medical information should be impounded if he is permitted to file it. Though "the privacy interest in medical information is neither fundamental nor absolute," Kravetz, 706 F.3d at 63, "medical information is . . . universally presumed to be private, not public." Id. There is no indication that Radfar has waived her right to privacy in the medical information Covino seeks to include in his pleadings, nor is there evidence that Covino has previously published the information she seeks to protect. See Cox Broad. Corp. v. Cohn, 420 U.S. 469, 494-95 (1975) ("[T]he interests in privacy fade when the information involved already appears on the public record.").

The more difficult question is whether the medical information is relevant to this dispute. Covino contends that the information included in the Fitness-For-Duty evaluations is "relevant,

5

material, and indeed crucial for the defendant's defense" and should be considered on summary judgment. Mot. to Impound 2 [Doc. No. 57]. Radfar, in turn, "vigorously disputes" Covino's characterizations of the medical documents and their value. Pl. Opp'n 4 [Doc. No. 59].[2] The court is unable to evaluate either side's arguments based on the papers filed in support of and opposition to the pending motion.

     Accordingly, the court will address the matter in steps. Covino may file under seal his motion requesting relief from and modification to this Court's February 22, 2022 Impoundment Order [Doc. No. 31]. In this sealed filing, Covino shall briefly identify the specific legal issues he intends to raise on summary judgment where he contends that the Fitness-For-Duty evaluations are material. Radfar may also file her response under seal, specifically addressing the relevance or materiality of the Fitness-for-Duty evaluations to the legal issues identified by Covino. The court anticipates that its decision on Covino's forthcoming motion requesting relief from and modification to this Court's February 22, 2022 Impoundment Order will not address the ultimate merits of the parties' dispute, but will provide guidance as to whether Covino may file any portions of his anticipated motion for summary judgment and statement of material facts under seal. Accordingly, the stay of the deadline to file motions for summary judgment, see Elec. Order [Doc. No. 58], remains in place pending the court's review of Covino's anticipated motion for relief from the February 22, 2022 Impoundment Order and Radfar's opposition thereto.

---

[2] Radfar asserts further that her objection is not addressed by impounding the sensitive material, where she objects "to the attempts by Defense counsel to by chipping away at those protections irretrievably deprive her of her rights." Pl. Opp'n 3 [Doc. No. 59]. She alleges that Covino has consistently violated her rights by failing to provide discovery and by filing motions that do not meet the motion practice requirements of the court. Id. at 3.

III. <u>Conclusion</u>

For the aforementioned reasons, Defendant Covino's <u>Motion Pursuant to Local Rule 7.2 to Temporarily Impound the (1) Defendant's Motion for Relief from and/or Modification to this Court's February 22, 2022 Order Restricting Use of Plaintiff's Fitness-For-Duty Evaluations and (2) Defendant Joseph L. Covino's Motion and Memorandum of Law in Support of Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56</u> is GRANTED in part as set forth above, but is otherwise DENIED. Covino shall file his anticipated Motion for Relief from and/or Modification to this Court's February 22, 2022 Order Restricting Use of Plaintiff's Fitness-For-Duty Evaluations under seal no later than July 5, 2023. Radfar shall file her opposition thereto no later than July 19, 2023, and may file the opposition under seal if it also contains medical information.

IT IS SO ORDERED.

June 22, 2023

/s/ Indira Talwani
United States District Judge