UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHARON RADFAR, </br></br> Plaintiff, </br></br> v. </br></br> CITY OF REVERE, BRIAN M. ARRIGO, individually and in his official capacity as Mayor, JAMES GUIDO, individually and in his official capacity as Chief of Police, JOSEPH I. COVINO, individually and in his official capacity as Police Sergeant, and OTHER AS YET UNNAMED OFFICERS OF THE REVERE POLICE DEPARTMENT, individually and in their official capacity as police officers, </br></br> Defendants. | * </br> * </br> * </br> * </br> * </br> *  Civil Action No. 1:20-cv-10178-IT </br> * </br> * </br> * </br> * </br> * </br> * </br> * </br> * </br> * </br> * </br> * </br> * </br> * </br> * </br> * |

MEMORANDUM AND ORDER

March 21, 2023

TALWANI, D.J.

Before the court is Defendant Joseph Covino's Motion for Relief from and/or Modification to this Court's February 22, 2022 Order Restricting Use of Plaintiff's Fitness for Duty Evaluations ("Mot. for Relief") [Doc. No. 61]. For the reasons that follow, Covino's Motion for Relief [Doc. No. 61] is DENIED.

On February 22, 2022, the court directed Defendant Covino and his counsel to maintain certain documents as "confidential documents that may not be disclosed pending further order of the court." Elec. Order [Doc. No. 31]; see also Memorandum & Order 3 [Doc. No. 60] (setting forth the events leading to this order). Defendant subsequently filed a Motion to Impound [Doc. No. 57], which sought to temporarily impound until the court modified its February 22, 2022

Order three pleadings Defendant intended to file: (1) Defendant's Motion for Relief From and/or Modification to this Court's February 22, 2022 Order Restricting Use of Plaintiff's Fitness-For-Duty Evaluations; (2) Defendant Joseph I. Covino's Motion for Summary Judgment with Memorandum of Law in Support; and (3) Defendant Joseph I. Covino's Local Rule 56.1 Statement of Material Facts. Mot. to Impound 1 [Doc. No. 57]. The court granted the Motion to Impound in part and denied it in part, finding that Covino "met his burden of demonstrating that the medical information should be impounded if he is permitted to file it," but that the court was unable to evaluate the relevance of the documents at issue from the papers filed in connection with that motion. Mem. & Order 5-6 [Doc. No. 60]. Accordingly, the court allowed Defendant to file under seal a motion requesting relief from and modification to the February 22, 2022 Order, but directed that, in that filing, Defendant "shall briefly identify the specific legal issues he intends to raise on summary judgment where he contends that the Fitness-For-Duty evaluations are material." Id. at 6 (emphasis added).

In the pending motion, Covino asserts that the Fitness-For-Duty evaluations are relevant, material, and essential to his defense of the case because they establish "why [Radfar] is no longer employed as [a] George Mason Police Officer." Mot. for Relief 2 [Doc. No. 61]. Covino contends that because Radfar put her loss of employment at issue, her Fitness-for-Duty evaluations are relevant to her claim. Id. at 4. Radfar responds that Covino has failed to demonstrate the relevance and materiality of the reports.[1] Opposition to Motion [] for Relief from and/or Modification of Order of February 22, 2022 ("Opp. to Mot.") 2 [Doc. No. 63].

---

[1] Embedded in Radfar's Opposition is a request that she is "entitled to a finding and order by this Court that permits her to disclose the terms of her [settlement] agreement with George Mason." Opp. to Mot. 6 [Doc. No. 62]. The court has no authority, however, to set aside the provisions of Radfar's agreement with George Mason University where it is not a party to this action.

2

The court finds that Covino's general arguments as to the relevance and materiality of the reports fail to comply with the court's directive that he identify the relevance of the Fitness-For-Duty reports to the specific legal issues he intends to raise on summary judgment To reiterate, Covino's contention that the Fitness-For-Duty evaluations are relevant to the general dispute as to what ended Radfar's employment with George Mason does not elucidate their connection to any particular ground for summary judgment.

Accordingly, Covino's <u>Motion for Relief from and/or Modification to this Court's February 22, 2022 Order Restricting Use of Plaintiff's Fitness for Duty Evaluations</u> [Doc. No. 61] is DENIED.[2] The stay of the parties' summary judgment deadlines is lifted, and the parties should file any summary judgment motions by April 10, 2023. All such motions and filings in support of or opposition to the motions shall not include information obtained from the Fitness-for-Duty evaluations.

    IT IS SO ORDERED.

March 21, 2023

/s/ Indira Talwani
United States District Judge

---

[2] This ruling has no bearing on whether the Fitness-For-Duty evaluations may be relevant and/or admissible should this case go to trial.